No. 95-1823
_____

Chinyere Jenkins, by her next              *
friend, Joi Jenkins; Nicholas              *
Paul Winchester-Rabelier, by               *
his next friend, Paula                     *
Winchester; Margo Vaughn-Bey,              *
by her next friend, Franklin               *
Vaughn-Bey; Nicholas C. Light,             *
by his next friend, Marian                 *
Light; Stephon D. Jackson, by              *
his next friend, B.J. Jones;               *
Travis N. Peter, by his next               *
friend, Debora Chadd-Peter;                *
Leland Guess, by his next                  *
friend, Sharon Guess;                      *
                                           *
        Plaintiffs - Appellees,            *
                                           *
                                           *
American Federation of                     *    Appeal from the United States
Teachers, Local 691,                       *    District Court for the
                                           *    Western District of Missouri.
        Intervenor - Appellee              *
                                           *
Hashina Webster, by her parents            *
and next friends Elaine and                *
Ajamu Webster; Nia Webster, by             *
her parents and next friends               *
Elaine and Ajamu Webster; Alley            *
Pope, by her parent and next               *
friend Carol Coe; Kimberly                 *
Beasley, by her parents and                *
next friends Arthur and                    *
Patricia Beasley; Arthur                   *
Beasley, by his parents and                *
next friends Arthur and                    *
Patricia Beasley; Felicia                  *
Rhodes, by her parents and next            *
friends Charles and Elizabeth              *
Rhodes; Christina Gravley, by              *
her parent and next friend Mona            *
Hicks; Shara Kennedy, by her               *
parent and next friend                     *
Ernestine Kennedy; Cassandra               *
Young, by her parent and next              *

friend Bea Sanders; Ajamu                         *
Webster; Elaine Webster; Carol                    *
Coe; Patricia Beasley; Mona                       *
Hicks; Ernestine Kennedy; Bea                     *
Sanders, as concerned parents,                    *
                                                  *
    Intervenor - Plaintiffs -      *
    Appellants                      *
                                                  *
    v.                              *
                                                  *
State of Missouri; Mel                            *
Carnahan, Governor of the State                   *
of Missouri; Bob Holden,                          *
Treasurer of the State of                         *
Missouri; Missouri State Board                    *
of Education; Peter Herschend,                    *
Member of the Missouri State                      *
Board of Education; Thomas R.                     *
Davis, Member of the Missouri                     *
State Board of Education;                         *
Robert E. Bartman, Commissioner                   *
of Education of the State of                      *
Missouri; Gary D. Cunningham,                     *
Member of the Missouri State                      *
Board of Education; Betty                         *
Preston, Member of the Missouri                   *
State Board of Education;                         *
Sharon M. Williams, Member of                     *
the Missouri State Board of                       *
Education; Russell Thompson,                      *
Member of the Missouri State                      *
Board of Education; Jacquelline                   *
Wellington, Member of the                         *
Missouri State Board of                           *
Education; School District of                     *
Kansas City; Paul V. Arena,                       *
Member of the Board of                            *
Directors; Walter L. Marks,                       *
Superintendent thereof; Dr.                       *
Julia H. Hill, Member of the                      *
Board of Directors; John A.                       *
Rios, Member of the Board of                      *
Directors; Darwin Curls, Member                   *
of the Board of Directors;                        *
Patricia Kurtz, Member of the                     *
Board of Directors; Edward J.                     *
Newsome, Member of the Board of                   *
Directors; Terry Hamilton-                        *
Poore, Member of the Board of                     *
Directors; Carol A. Shank,                        *
Member of the Board of                            *

Directors; John W. Still,             *
Member of the Board of                *
Directors, *
                                      *
        Defendants - Appellees. *

                   _____

            Submitted:  September 12, 1995

              Filed:  March 6, 1996
                   _____

Before McMILLIAN, HEANEY, and JOHN R. GIBSON, Circuit Judges.

                   _____

JOHN R. GIBSON, Circuit Judge.


     Hashina Webster and her proposed co-intervenors[1] appeal from an order
of the district court[2] denying their motion to intervene as a matter of
right in the ongoing Kansas City, Missouri School District desegregation
litigation.  The Webster group argues that the district court correctly
determined that its motion to intervene was timely, but that the court
erred in holding the group already had adequate means to protect its
interests without intervention.  We affirm the order of the district court.


     The Kansas City school desegregation litigation began in 1977 when
the KCMSD, the School Board, and the children of four board

_____

        [1]The other proposed intervenors are Nia Webster, by her
parents and next friends Elaine and Ajamu Webster; Alley Pope, by
her parent and next friend Carol Coe; Kimberly Beasley, by her
parents and next friends Arthur and Patricia Beasley; Arthur
Beasley, by his parents and next friends Arthur and Patricia
Beasley; Felicia Rhodes, by her parents and next friends Charles
and Elizabeth Rhodes; Christina Gravley, by her parent and next
friend Mona Hicks; Shara Kennedy, by her parent and next friend
Ernestine Kennedy; Cassandra Young, by her parent and next friend
Bea Sanders; Ajamu Webster; Elaine Webster; Carol Coe; Patricia
Beasley; Mona Hicks; Ernestine Kennedy; and Bea Sanders.

        [2]The Honorable Russell G. Clark, Senior Judge, United States
District Court for the Western District of Missouri.

members filed suit. The district court converted the suit into a class action, making a plaintiff class of all present and future students of the KCMSD. We affirmed the district court's finding of constitutional violations by the KCMSD and the State of Missouri in Jenkins v. Missouri, 807 F.2d 657 (8th Cir. 1986) (en banc) (Jenkins I), cert. denied, 484 U.S. 816 (1987). We later considered the district court's remedy for these constitutional violations in Jenkins v. Missouri, 855 F.2d 1295 (8th Cir. 1988) (Jenkins II), aff'd in part and rev'd in part, 495 U.S. 33 (1990). In all, this court has heard over twenty appeals, including twelve dealing with the remedy,[3] four dealing with voluntary interdistrict transfer plans,[4] and four dealing with attorneys' fees.[5] The Supreme Court has heard this case three times. Missouri v.

_____

[3]Jenkins v. Missouri, 23 F.3d 1297 (8th Cir. 1994) (Jenkins XI), vacated, 115 S. Ct. 2573 (1995); Jenkins v. Missouri, 13 F.3d 1170 (8th Cir. 1993) (Jenkins X), rev'd, 115 S. Ct. 2038 (1995); Jenkins v. Missouri, 11 F.3d 755 (8th Cir. 1993) (as amended on denial of rehearing en banc) (Jenkins IX), reh'g en banc denied, 19 F.3d 393 (8th Cir. 1994), rev'd, 115 S. Ct. 2038 (1995); Jenkins v. Missouri, 967 F.2d 1245 (8th Cir.) (Jenkins-Clark II), cert. denied, 113 S. Ct. 811 (1992); Jenkins v. Missouri, 962 F.2d 762 (8th Cir.) (Jenkins-Clark I), cert. denied, 113 S. Ct. 322 (1992); Jenkins v. Missouri, 949 F.2d 1052 (8th Cir. 1991) (Jenkins VII); Jenkins v. Missouri, 943 F.2d 840 (8th Cir. 1991) (Jenkins VI); Jenkins v. Missouri, 942 F.2d 487 (8th Cir. 1991) (Jenkins V); Jenkins v. Missouri, 931 F.2d 470 (8th Cir.) (Jenkins IV), cert. denied, 502 U.S. 967 (1991); Jenkins v. Missouri, 890 F.2d 65 (8th Cir. 1989) (Jenkins III); Jenkins v. Missouri, 855 F.2d 1295 (8th Cir. 1988) (Jenkins II), aff'd in part and rev'd in part, 495 U.S. 33 (1990); Jenkins v. Missouri, 807 F.2d 657 (8th Cir. 1986) (en banc) (Jenkins I), cert. denied, 484 U.S. 816 (1987).

[4]Jenkins v. Missouri, 38 F.3d 960 (8th Cir. 1994) (Jenkins XII); Jenkins v. Missouri, 981 F.2d 1009 (8th Cir. 1992) (Jenkins VIII); Jenkins v. Missouri, 965 F.2d 654 (8th Cir. 1992) (Jenkins-Missouri City); Jenkins v. Missouri, 904 F.2d 415 (8th Cir.) (Naylor), cert. denied, 498 U.S. 940 (1990).

[5]Jenkins v. Missouri, 967 F.2d 1248 (8th Cir. 1992) (Jenkins Fees IV); Jenkins v. Missouri, 931 F.2d 1273 (8th Cir.) (Jenkins Fees III), cert. denied, 502 U.S. 925 (1991); Jenkins v. Missouri, 862 F.2d 677 (8th Cir. 1988) (Jenkins Fees II); Jenkins v. Missouri, 838 F.2d 260 (8th Cir. 1988) (Jenkins Fees I), aff'd, 491 U.S. 274 (1989).

Jenkins, 115 S. Ct. 2038 (1995); Missouri v. Jenkins, 495 U.S. 33 (1990); Missouri v. Jenkins, 491 U.S. 274 (1989).

The Webster group sought to intervene in this litigation on December 1, 1994. The Webster group is comprised of African-American children, who are or might be in the future students in the KCMSD, and their parents. In its motion to intervene, the Webster group stated that the KCMSD was failing to eliminate the segregated school system in Kansas City and contributing to low achievement and a general attitude of inferiority among African-American students. The Webster group also asserted that the plaintiff Jenkins class no longer adequately represented the interests of African-American students, even though all African-American students are members of the Jenkins class. Consequently, the Webster group wanted to intervene to represent the interests of African-American students.

The district court denied the Webster group's motion to intervene. The court concluded that the Webster group timely filed its motion, but denied the motion to intervene as a matter of right because there were sufficient avenues open for the group to protect its interests without intervention. Since the children in the Webster group were already members of the Jenkins class, the court encouraged the members of the Webster group to express their concerns to the attorneys for the Jenkins class. The court pointed out that the Webster group could communicate its views to the Desegregation Monitoring Committee, which in turn could present them to the court. The court encouraged the Webster group to file amicus curiae briefs and seek permission to testify on any issue before the court. Finally, the court denied the group's motion for permissive intervention. See Fed. R. Civ. P. 24(b). The Webster group now appeals only the denial of its motion to intervene as a matter of right. See Fed. R. Civ. P. 24(a).

**I.**

The Jenkins class and the State of Missouri oppose the Webster group's motion to intervene and argue that the district court erred in determining the motion was timely.

A district court should consider all of the circumstances when determining the timeliness of a motion to intervene. NAACP v. New York, 413 U.S. 345, 365-66 (1973). In looking at all of the circumstances, the court should pay particular attention to: (1) how far the proceedings have progressed; (2) the proposed intervenor's reason for delay in seeking intervention; and (3) the possible prejudice to the parties already in the proceedings if the court allows intervention. Nevilles v. EEOC, 511 F.2d 303, 305 (8th Cir. 1975) (per curiam). We review the district court's timeliness determinations for abuse of discretion. NAACP v. New York, 413 U.S. at 366.

The Webster group argues that its motion is timely because its members only recently became aware of the need to protect the interests of African-American students. The group states that it was not until the middle of 1994 that it became obvious the Jenkins class was no longer protecting the interests of its African-American members. In April 1994, the Jenkins class supported the construction of a new magnet school, despite the need to renovate traditional schools. The Webster group contends that renovation of the traditional schools would better serve African-American students because these schools are dilapidated and predominantly populated by minority students. In the late summer of 1994, the Jenkins class argued against increasing the number of minority students in the KCMSD's magnet schools. The Webster group contends that the magnet schools are the better schools in the KCMSD and increased minority enrollment in these schools would benefit African-American students. The Webster group argues that these actions by the Jenkins class show that the class is no longer

representing the interests of African-American students.  Until these actions occurred, the Webster group argues that it had no reason to intervene.

The Jenkins class and the State argue that the Webster group's motion to intervene is not timely because members of the group were aware of the issues raised in their motion to intervene long before they filed their motion.  The Jenkins class points out that Ajamu Webster testified on February 22, 1993, about the relationship between magnet schools and traditional schools within the KCMSD.  Webster testified that there was an undue emphasis on magnet schools over traditional schools and that magnet schools overemphasized the importance of white students to the detriment of African-American students.

Webster also described the Coalition for Education and Economic Justice, which included two members of the Webster group and one of its attorneys.  The Coalition proposed a program to change the funding and teaching of the seventeen traditional schools and presented the program to the Desegregation Monitoring Committee.  The Coalition had several discussions with the KCMSD administration and the Board of Education, and its relationship with them has been less than friendly on occasion.

The Jenkins class points out that four members of the Webster group have been members of school advisory committees, and that others have testified before the Desegregation Monitoring Committee and appeared before the KCMSD board.  The State points out that from 1987 to 1990 the district court established the priorities for the improvement of the traditional schools.

Considering all of these factors, it is evident that the adult members of the Webster group knew of the issues they presented in their motion to intervene well before they filed their motion.  This record demonstrates that the timeliness of the Webster group's

motion to intervene is a close and troublesome question.  We dispose of this case on the basis of the district court's reasoning which makes it unnecessary for us to decide the timeliness issue.  If any group seeks intervention in the future, the district court should carefully consider the timeliness of the intervention efforts.

## II.

The Webster group argues that it is entitled to intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2).  Under Rule 24(a)(2), intervention shall be permitted if:  (1) the proposed intervenor claims an interest relating to the property or transaction which is the subject of the action; (2) the disposition of the action may as a practical matter impair or impede the proposed intervenor's ability to protect that interest; and (3) no existing party adequately represents the proposed intervenor's interest.

The district court held that the Webster group was not entitled to intervene as a matter of right because the "intervenors will not be impaired or impeded in their ability to protect" their interests during the disposition of the case.  The Webster group argues that the district court applied an improper legal standard in so ruling, as all that it must demonstrate is that the action "may as a practical matter" impair its interests.  Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist. No. 1, 738 F.2d 82, 84 (8th Cir. 1984) (per curiam).  We reject this argument.

The district court's discussion of this issue does not demonstrate that the court imposed a heavier burden on the Webster group than the rule requires.  In KPERS v. Reimer & Koger Assocs., 60 F.3d 1304 (8th Cir. 1995), decided after the briefs were filed in this case, we made clear that a proposed intervenor does not bear the burden of establishing that its interests will actually be

-8-

impaired by the disposition of the case. Id. at 1307-08. In KPERS, the district court imposed such a burden, saying that the proposed intervenor's stare decisis argument did not "necessitate a finding" that the intervening interests "will be practically impaired but for its involvement," and that it was unlikely that the proposed intervenor "would be adversely affected" in a later proceeding by rulings in the KPERS case. Id. at 1306. We held that such a standard conflicted with the language of Rule 24(a)(2) and holdings of this court. Id. at 1308.

In contrast, the district court in this case clearly stated the proper standard, and then found that the "proposed intervenors will not be impaired or impeded in their ability to protect" their interest. This finding rules out the possibility that the Webster group could show that its interests may, as a practical matter, be impaired.

This is not a case where the impairment of the interest of the applicant is conceded, assumed, or generally accepted. See Bradley v. Milliken, 828 F.2d 1186, 1192 (6th Cir. 1987); Morgan v. McDonough, 726 F.2d 11, 13 (1st Cir. 1984); United States v. Board of Sch. Comm'rs, 466 F.2d 573, 575 (7th Cir. 1972), cert. denied, 410 U.S. 909 (1973). The district court squarely faced those issues and found that there was no impairment of the interests of the Webster group because of the other avenues available to it. We are persuaded that the district court did not err in this ruling.

The district court's holding also rests on the alternative ground that the Webster group's interests are adequately represented. Although the court stated that it need not reach the adequacy of representation, it discussed the avenues open to the Webster group to express the group's position, either through the Desegregation Monitoring Committee, through counsel for the Jenkins class, by filing amicus curiae briefs, or by requesting permission to testify in hearings. In this discussion, the court actually

-9-

deals with the adequacy of representation. Furthermore, in its discussion of permissive intervention later in the opinion, the court explicitly concluded that the Webster group's interests are being adequately represented.

A party cannot intervene as of right if another party in the litigation adequately represents its interests. Fed. R. Civ. P. 24(a)(2). There is a presumption of adequate representation when the persons attempting to intervene are members of a class already involved in the litigation or are intervening only to protect the interests of class members. See Bradley, 828 F.2d 1186, 1192; cf. United States v. South Bend Community Sch. Corp., 692 F.2d 623, 628 (7th Cir. 1982). See generally 7C Charles A. Wright et al., Federal Practice and Procedure § 1909, at 318-19, 324-29 (1986). A difference of opinion concerning litigation strategy or individual aspects of a remedy does not overcome the presumption of adequate representation. See Bradley, 828 F.2d at 1192; Stadin v. Union Elec. Co., 309 F.2d 912, 919 (8th Cir. 1962), cert. denied, 373 U.S. 915 (1963); see also South Bend Community Sch. Corp., 692 F.2d at 628; Pennsylvania v. Rizzo, 530 F.2d 501, 505 (3rd Cir.), cert. denied, 426 U.S. 921 (1976); cf. United States v. Perry County Bd. of Educ., 567 F.2d 277, 280 (5th Cir. 1978). But see United States v. Oregon, 839 F.2d 635, 638 (9th Cir. 1988).

There is no dispute that the students in the Webster group are members of the Jenkins class. The parents in the Webster group seek to intervene only to protect their children's interests. Thus, there is a presumption that the Jenkins class adequately represents the interests of the Webster group. See Bradley, 828 F.2d at 1192. See generally 7C Wright et al., Federal Practice and Procedure § 1909, at 318-19, 324-29.

The Webster group argues that the KCMSD has failed to implement programs designed to help African-American students who are still suffering from the harmful effects of past segregation.

On numerous occasions in our earlier opinions we discussed the development of the programs designed to remedy the pervasive effects of past segregation, with particular attention to the victims.  See Jenkins II, 855 F.2d at 1300-02 (citing Jenkins v. Missouri, 593 F. Supp. 1485, 1492 (W.D. Mo. 1984) and Jenkins v. Missouri, 639 F. Supp. 19, 24 (W.D. Mo. 1985), aff'd as modified by, 807 F.2d 657 (8th Cir. 1986) (en banc)).  The district court and this Court have discussed in detail over the last ten years the development of the educational programs designed to remedy the effects of segregation and the extensive construction and renovation of facilities to serve as both magnet schools and traditional schools.  The Webster group's argument that KCMSD has failed to help develop programs designed to help the victims of unconstitutional segregation is contrary to the record in this case.

The rest of the Webster group's argument consists of assertions that the Jenkins class ought to support increased minority enrollment in the magnet schools and have different priorities in the improvement of KCMSD schools.  These arguments  are disagreements over the details of the remedy and do not show inadequate representation.  See Bradley, 828 F.2d at 1192.

The Webster group cites Liddell v. Caldwell, 546 F.2d 768 (8th Cir. 1976), cert. denied, 433 U.S. 914 (1977), in support of its argument that the Jenkins class no longer adequately represents the interests of African-American students.  Liddell found of great significance the fact that the district court at the time of the intervention in question had "only partially approved specific plans for desegregation."  Id. at 771.  This situation is in stark contrast to that in the case before us, where the desegregation program has been developed and partially implemented over the last ten years, substantial efforts and funds expended, and, indeed, where the State is calling for a declaration of unitary status.  The Webster group does not argue that the Jenkins class has given

up the goal of a unitary school system or that the Jenkins class cannot reach that goal on the path it has chosen. The group argues only that its members would prefer the Jenkins class take a different path to that goal. While the Jenkins class may not have completely satisfied all of its members, there is no showing that its conduct has been so deficient as to render its representation inadequate.

We believe that the district court implicitly reached the issue of adequacy of representation, and that the district court's order is also sustainable on this ground. Indeed, we have serious doubts as to whether the Webster group presented evidence that would have been sufficient as a matter of law to sustain a finding that the Webster group's interests were inadequately represented by existing parties and procedures.

If future developments in the ongoing litigation again present the necessity to rule on intervention issues, there will be time enough for further development of the record in the district court at that point.

We affirm the district court's denial of the Webster group's motion to intervene.

A true copy.

        Attest:


                CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.