# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3487

_____

| | |
|---|---|
| P.A.C.E.; | * |
| | * |
| Movant - Appellant, | * |
| | * |
| Chinyere Jenkins, by her next friend, | * |
| Joi Jenkins; Nicholas Paul Winchester- | * |
| Rabelier, by his next friend, Paula | * |
| Winchester; Margo Vaughn-Bey, by her | * |
| next friend, Franklin Vaughn-Bey; | * |
| Nicholas C. Light, by his next friend, | * |
| Marian Light; Stephon D. Jackson, by | * |
| his next friend, B. J. Jones; Travis N. | * |
| Peter, by his next friend, Debora | * |
| Chadd-Peter; Leland Guess, by his next | * |
| friend,  Sharon Guess, | * |
| | * |
| Plaintiffs - Appellees, | * |
| | * Appeal from the United States |
| v. | * District Court for the Western |
| | * District of Missouri. |
| School District of Kansas City; Dr. | * |
| Bernard Taylor, Jr., Superintendent; | * |
| Albert P. Mauro, Sr., School Board | * |
| Member; David A. Smith, School | * |
| Board Member; Helen J. Ragsdale, | * |
| School Board Member; Ingrid Y. | * |
| Burnett, School Board Member; Duane | * |
| B. Kelly, School Board Member; Joel | * |
| Pelofsky, School Board Member; | * |
| Harriett Ann Plowman, School Board | * |
| Member; Marilyn Simmons, School | * |

Board Member; Elma Warrick, School      *
Board Member,      *
     *
       Defendants - Appellees.      *

_____

Submitted: November 14, 2002

Filed: December 2, 2002

_____

Before McMILLIAN, HEANEY, and JOHN R. GIBSON, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

This appeal was brought by certain individual members of the plaintiff class in the Kansas City, Missouri School District desegregation litigation to obtain review of the district court's[1] order denying those class members' motion to decertify the class, to certify a subclass, or to disqualify class counsel. The KCMSD has moved to dismiss the appeal for lack of a final, appealable order. We conclude that there is no final order and hence, that we lack jurisdiction over the appeal. The appeal is dismissed.

The individual class members call themselves Plaintiffs for African Centered Education, or PACE. They moved for decertification of the class, certification of a subclass, or disqualification of the class's current counsel because they disagreed with the class counsel's position opposing what he characterized as an expansion of the

_____

[1]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

KCMSD's African-centered program.[2] The district court denied PACE's motion on two alternative grounds. First, the district court held that the individual class members were not entitled to litigate this motion without having moved for permission to intervene in the case. The district court distinguished the recent Supreme Court case of Devlin v. Scardelletti, 122 S. Ct. 2005 (2002), in which an individual class member was permitted to appeal the approval of a settlement, to which he had objected in the district court, even though he had not been granted permission to intervene in the suit. The district court held that allowing non-intervening class members to challenge individual litigation decisions by class counsel during the pendency of the suit, as PACE wants to do, poses a far greater threat to the efficiency of class litigation than merely allowing individuals to appeal from settlement decisions, as was permitted in Devlin. Therefore, the court refused to extend Devlin to a different procedural posture. Alternatively, the district court held that the PACE members had not rebutted the presumption that their interests were represented by the class, as required by Jenkins v. State of Missouri, 78 F.3d 1270 (8th Cir. 1996), and this was a sufficient reason to deny their motion on its merits.

The PACE members appealed the district court's denial of their motion. The KCMSD moved to dismiss the appeal on two grounds: mootness, because the class counsel had withdrawn his opposition to expansion of the African-centered program; and lack of a final, appealable order.

Orders granting or denying certification of a class are interlocutory, not final. Coopers & Lybrand v. Livesay, 437 U.S. 463, 464-65 (1978). So are orders denying a motion to disqualify counsel. Firestone Tire & Rubber Co v. Risjord, 449 U.S. 368, 370 (1981). However, a Court of Appeals may exercise its discretion to review class

---

[2]We are informed that the Jenkins class has withdrawn its motion to enjoin the proposed program.

certification orders, if application is made to it within ten days of entry of the order. Fed. R. Civ. P. 23(f). PACE does not argue that Rule 23(f) applies to this case, and it made no application to this court under that rule. Nor does PACE cite any other basis for jurisdiction over this appeal. It relies only on Devlin, which is not on point because it involved a final order approving settlement of the case. See 122 S. Ct. at 2010 ("The District Court's approval of the settlement–which binds petitioner as a member of the class–amounted to a 'final decision of [petitioner's] right or claim' sufficient to trigger his right to appeal.").

We note in passing that even if the PACE members had made the appropriate Rule 23(f) application to this court, it is far from clear that they would have been able to show that the denial of their motion was appropriate for interlocutory review. See generally In re: Lorazepam & Clorazepate Antitrust Litigation, 289 F.3d 98, 102-06 (D.C. Cir. 2002); Waste Mgmt. Holdings, Inc. v. Blair, 208 F.3d 288, 292-95 (1st Cir. 2000); Blair v. Equifax Check Servs., Inc., 181 F.3d 832, 834-35 (7th Cir. 1999).

Accordingly, we dismiss the appeal.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-