# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-3186
_____

David M. Swinton, on behalf of himself and all others similarly situated

*Plaintiff - Appellee*

v.

Squaretrade, Inc.

*Defendant - Appellee*

------------------------------

Adam J. Starke

*Movant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: April 14, 2020
Filed: May 29, 2020

_____

Before BENTON, SHEPHERD, and GRASZ, Circuit Judges.

_____

BENTON, Circuit Judge.

Adam J. Starke filed a putative class action against SquareTrade, Inc. Later, David M. Swinton filed a similar suit. Starke moved to intervene in Swinton's suit. Swinton and SquareTrade then reached a proposed class settlement. And the Swinton district court denied Starke's motion to intervene. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In December 2016, Starke filed a class action complaint (the "Starke Action") in the United States District Court for the Eastern District of New York. The complaint alleged he purchased a Protection Plan for a consumer device from SquareTrade that violated consumer protection laws, including deceptive sale of unprotected Amazon products and inaccessible pre-sale Terms and Conditions.

In April 2018, Swinton filed a nearly identical complaint (the "Swinton Action") in Iowa state court.[1] Swinton had approached his counsel with concerns about SquareTrade's practices. Counsel then copied Starke's Complaint. SquareTrade removed the Swinton Action to the United States District Court for the Southern District of Iowa.

In the Starke Action, SquareTrade moved to compel arbitration. The district court refused. *Starke v. SquareTrade, Inc.*, 2017 WL 3328236 (E.D.N.Y. Aug. 3, 2017). The Second Circuit affirmed. *Starke v. SquareTrade, Inc.*, 913 F.3d 279 (2d Cir. 2019).

Meantime, in the Swinton Action, SquareTrade moved to compel arbitration, but reached class-wide settlement. Before Swinton and SquareTrade moved for preliminary approval of the settlement, Starke moved to intervene and to stay under

---

[1] Unlike the Starke Action complaint, the Swinton Action complaint did not contain a New York statutory fraud claim nor did Swinton seek to represent a subclass of New York residents.

the first-to-file rule. The district court denied the motion. ***Swinton v. SquareTrade, Inc.***, 2018 WL 8458862 (S.D. Iowa Sept. 21, 2018). It did permit Starke to file an amicus brief opposing the settlement.

In the Starke Action, before SquareTrade answered, the New York district court stayed the case "pending final approval of the proposed class action settlement in [the Swinton Action]." In April 2020, the Swinton district court approved class-wide settlement. The settlement has four key features:

- refunding class members the purchase price of the product under the Protection Plan (less 15%);
- providing each class member a $10 coupon for a mobile-phone Protection Plan;
- awarding attorneys' fees of $25,000 (plus 15% of refunds); and
- requiring SquareTrade to change its Amazon "storefront."

Starke appeals the denial of his motion to intervene in the Swinton Action.[2] This court reviews de novo a district court's intervention determination. ***Nat'l Parks Conservation Ass'n v. United States Envtl. Prot. Agency***, 759 F.3d 969, 974 (8th Cir. 2014). It "must accept as true all material allegations in the motion to intervene and must construe the motion in favor of the prospective intervenor." ***Id.*** at 973.

I.

Under Federal Rule of Civil Procedure 24(a)(2), "a court must permit anyone to intervene who: (1) files a timely motion to intervene; (2) 'claims an interest relating to the property or transaction that is the subject of the action'; (3) is situated

---

[2] Starke did not appeal the denial of permissive intervention under Federal Rule of Civil Procedure 24(b), so this court need not address it.

so that disposing of the action may, as a practical matter, impair or impede the movant's ability to protect that interest; and (4) is not adequately represented by the existing parties." *Nat'l Parks Conservation Ass'n*, 759 F.3d at 975, *quoting* **Fed. R. Civ. P. 24(a)(2)** *and citing* **South Dakota ex rel. Barnett v. United States Dep't of Interior**, 317 F.3d 783, 785 (8th Cir. 2003). "Rule 24 should be construed liberally, with all 'doubts resolved in favor of the proposed intervenor.'" *Nat'l Parks Conservation Ass'n*, 759 F.3d at 974, *quoting* **Turn Key Gaming, Inc. v. Oglala Sioux Tribe**, 164 F.3d 1080, 1081 (8th Cir. 1999).

The parties do not contest the first two requirements: Starke timely moved to intervene, and claimed an appropriate interest.

A.

The parties contest the third requirement: whether Starke is situated so that disposing of the Swinton Action may impair his interests. He is. Members of a class, like Starke, "may" have their interests impaired by disposition of the class action. "[T]he risk that the movants will be bound by an unsatisfactory class action settlement" satisfies the impairment requirement. **Tech. Training Assocs. v. Buccaneers Ltd. P'ship**, 874 F.3d 692, 696-97 (11th Cir. 2017). *See also* **Little Rock School Dist. v. Pulaski County Special School Dist. No. 1**, 738 F.2d 82, 84 (8th Cir. 1984) (clarifying that the rule does not require "certainty that their interests *will* be impaired," but only that disposition "may" impair interests). The Supreme Court says, "Members of a class have a right to intervene if their interests are not adequately represented by existing parties." **Standard Fire Ins. Co. v. Knowles**, 568 U.S. 588, 594 (2013), *quoting* **5 A. Conte & H. Newberg**, *Newberg on Class Actions* § 16:7, p. 154 (4th ed. 2002). This statement infers that a movant's class membership satisfies the impairment prong. *See* **Fed. R. Civ. P. 24, advisory committee's note to 1966 amendment** ("a member of a class should have the right to intervene in a class action if he can show the inadequacy of the representation of his interest by the

representative parties before the court"); ***In re Cmty. Bank of N. Va.***, 418 F.3d 277, 314 (3d Cir. 2005) ("In the class action context, the second and third prongs of the Rule 24(a)(2) inquiry are satisfied by the very nature of Rule 23 representative litigation.").

The district court ruled that Starke would not be impaired by disposition of the Swinton Action because he can opt out of the Swinton settlement. To the contrary, this court says:

> Although some district courts, like the district court here, have ruled that class members are not entitled to intervene because they can protect their interests by opting out of the class, we think this reasoning is flawed. As one leading treatise explains, [appellees'] proposed reading of Rule 24 'is surely wrong: it would mean a class member could never intervene in a (b)(3) class action (since she can always opt out), yet both Rule 23 and the history of Rule 24 explicitly envision intervention as a means of securing adequacy of representation.'

***Smith v. SEECO, Inc.***, 865 F.3d 1021, 1024-25 (8th Cir. 2017), *quoting* **3 William B. Rubenstein,** *Newberg on Class Actions* § 9:34 (5th ed. 2013 & Supp. 2017).

B.

Despite satisfying the first three intervention requirements, Starke fails the fourth. He is adequately represented by Swinton, who seeks the same relief for the same claims as Starke.

"There is a presumption of adequate representation when the persons attempting to intervene are members of a class already involved in the litigation or

are intervening only to protect the interests of class members." ***Jenkins by Jenkins v. Missouri***, 78 F.3d 1270, 1275 (8th Cir. 1996).

Starke tries to overcome this presumption. First, he contends that the burden to show inadequate representation is minimal, so this court should not apply the *Jenkins* presumption. *See* ***Trbovich v. United Mine Workers of Am.***, 404 U.S. 528, 538 n.10 (1972) (noting minimal burden in a non-class action case); ***Planned Parenthood of Minnesota, Inc. v. Citizens for Community Action***, 558 F.2d 861, 869-70 (8th Cir. 1977) (same). For cases, like Starke's, this court requires more than a minimal burden. "Although the burden to show inadequate representation is generally 'minimal,' this court has recognized that the applicant for intervention bears a heavier burden on this factor when a party in the suit has an obligation to represent the interests of the party seeking to intervene." *See* ***United States v. Union Elec. Co.***, 64 F.3d 1152, 1168 (8th Cir. 1995). *See generally* **Fed. R. Civ. P. 23(a)(4)** (requiring that "the representative parties will fairly and adequately protect the interests of the class"). Starke argues that this heavier burden does not apply because Swinton does not have an obligation to represent Starke's interests as a putative class representative—including the fees of his attorney and any incentive award. This argument is misplaced. Starke has not been named a class representative. And, Starke is seeking to intervene in the Swinton Action, where Starke is only a putative class *member*, so Swinton has an obligation to represent all Starke's interests here. *See* ***id.*** Further, the plain language of Rule 24(a)(2) does not encompass Starke's interest in an incentive award or attorneys' fees. *See* **Fed. R. Civ. P. 24(a)(2)** (requiring the proposed intervenor's interest to relate "to the property or transaction that is the subject of the action"); ***United States v. St. Louis Sewer Dist.***, 569 F.3d 829, 840 (8th Cir. 2009) ("A court must carefully analyze whether the proposed intervenor's asserted interest really is bound up with the subject matter of the litigation.").

Second, Starke argues that Swinton inadequately represents his interests because Swinton did not oppose SquareTrade's motion to compel arbitration, nor

conduct discovery. "A difference of opinion concerning litigation strategy or individual aspects of a remedy does not overcome the presumption of adequate representation." *Jenkins*, 78 F.3d at 1275.

Third, Starke sees the Swinton Action settlement as a "reverse auction"—where "the defendant in a series of class actions picks the most ineffectual class lawyers to negotiate a settlement with in the hope that the district court will approve a weak settlement that will preclude other claims against the defendant." *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 282 (7th Cir. 2002) (adding as an indicator "generous attorneys' fees"). Reverse auctions require "mendacity" and "underhanded activity." *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1099 (9th Cir. 2008). A collusive reverse auction would satisfy the inadequate representation requirement. *See Liddell v. Caldwell*, 546 F.2d 768, 771 (8th Cir. 1976) ("[R]epresentation is adequate if there is *no collusion* between the representative and an opposing party; if the representative does not have or represent an interest adverse to the applicant; or if the representative does not fail in the fulfillment of his duty.") (emphasis added). *See also In re Cmty. Bank of N. Va.*, 418 F.3d 277, 315 (3d Cir. 2005) (listing as sufficient, to overcome presumption of adequate representation, "adversity of interest, collusion, or nonfeasance").

As the district court ruled, Starke has insufficient evidence of a reverse auction. He points to four facts: Swinton copied his complaint; Swinton settled before conducting discovery; Swinton did not include Starke in settlement discussions; and Starke defeated the motion to compel arbitration in New York. None of these facts suggests collusion, mendacity, or underhanded activity. First, Swinton approached counsel about SquareTrade's allegedly deceptive practices *before* Swinton's counsel copied Starke's complaint, a public record. Second, the Federal Rules do not require that litigation advance to a specific stage before settlement, nor that settlement discussions involve class members. Third, the district court ruled that the settlement provided whole and adequate relief, as required by Federal Rule 23. Fourth, the

attorneys' fees ($25,000, plus 15% of refunds) are not "extremely generous." *Id. See also Reynolds*, 288 F.3d at 282.

Starke insists that this case is like *Technology Training Associates*, an Eleventh Circuit case requiring intervention due to a reverse auction. *Technology Training Assocs.*, 874 F.3d at 697. It is not. There, the movant "point[ed] to the emails that showed that the plaintiffs' counsel was engaged in a 'Machiavellian' plan to undercut the movants' negotiating position," including leaving the law firm that first filed the case and commencing a second, competing action. *Id.* at 695, 697.

This court affirms the district court's denial of intervention.

## II.

Starke also sought a stay under the first-to-file rule. *See generally Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002 (8th Cir. 1993) (stating first-to-file rule). Because Starke is not a party to this Southern District of Iowa case on appeal, this court does not have appellate jurisdiction to review his motion to stay. *See Marino v. Ortiz*, 484 U.S. 301, 304 (1988) ("The rule that only parties to a lawsuit, or those that properly became parties, may appeal an adverse judgment, is well settled."). *Cf. Corby Recreation, Inc. v. General Elec. Co.*, 581 F.2d 175, 176 n.1 (8th Cir. 1978) (allowing exception, and permitting appellate jurisdiction, for denial of an application to intervene as of right). *See generally Brotherhood of R.R. Trainmen v. Baltimore & O.R. Co.*, 331 U.S. 519, 524 (1947) (same).

Starke argues this court can exercise pendent appellate jurisdiction because the motion to stay is "inextricably intertwined" with the motion to intervene. *See South Dakota ex rel. Barnett v. United States Dep't of Interior*, 317 F.3d 783, 785 n.2 (8th Cir. 2003) (extending pendent appellate jurisdiction to permissive intervention decision with as-of-right intervention decision). "Claims are inextricably intertwined

when resolution of the direct claim 'necessarily resolves' the pendent claim." ***Reid v. Doe Run Resources Corp.***, 701 F.3d 840, 845 (8th Cir. 2012), *citing **Lockridge v. Bd. of Trustees of Univ. of Arkansas***, 315 F.3d 1005, 1012 (8th Cir. 2003). The first-to-file rule implicates the courts' discretion to recognize federal comity for two concurrent cases. *See **Orthmann v. Apple River Campground, Inc.***, 765 F.2d 119, 121 (8th Cir. 1985). The motion to intervene, on the other hand, requires analysis of the four factors in Federal Rule 24. The resolution of the motion to intervene does not "necessarily resolve[]" the motion to stay. *See **Reid***, 701 F.3d at 845. This court does not have pendent appellate jurisdiction.

\* \* \* \* \* \* \*


    The judgment is affirmed.

_____