# United States Court of Appeals
## For the Eighth Circuit
_____

No. 23-1228
_____

Entergy Arkansas, LLC

*Plaintiff - Appellee*

v.

Ted J. Thomas, in his official capacity as Chairman of the Arkansas Public Service Commission; Justin Tate, in his official capacity as Commissioner of the Arkansas Public Service Commission; Kimberly A. O'Guinn, in her official capacity as Commissioner of the Arkansas Public Service Commission

*Defendant*s

Arkansas Electric Energy Consumers, Inc.

*Intervenor - Appellant*

------------------------------

Arkansas Public Service Commission

*Amicus on Behalf of Appellant(s)*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: June 15, 2023
Filed: August 9, 2023
_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Arkansas Electric Energy Consumers, Inc., ("AEEC") appeals the denial of its motion to intervene. We affirm.

## I.

Entergy Arkansas, LLC, sells electricity to Arkansans. The Arkansas Public Service Commission sets the retail rates that Entergy can charge. AEEC is a trade association comprised of large industrial and agricultural Entergy customers.

In May 2019, Entergy asked the Commission for permission to raise its retail rates.[1] An administrative proceeding followed. AEEC intervened, urging the Commission to deny Entergy's request. The Commission ultimately did so. Entergy then sued the Commission in September 2020, alleging that the denial violated federal and state law. The Commission promptly moved to dismiss, but the district court[2] denied its motion. In June 2022, Entergy moved for summary judgment. A week later—about twenty-two months after the suit commenced—AEEC moved to intervene as of right, *see* Fed. R. Civ. P. 24(a)(2), or, alternatively, to intervene permissively, *see* Fed. R. Civ. P. 24(b)(1)(B).

_____

[1]For background, see *Entergy Arkansas, LLC v. Thomas*, No. 4:20-cv-01088-KGB, 2022 WL 990278, at *2-3 (E.D. Ark. Mar. 31, 2022).

[2]The Honorable Kristine G. Baker, United States District Judge for the Eastern District of Arkansas.

AEEC's motion sat unaddressed for seven months. Then, in a January 2023 order, the district court[3] denied it along with several other pending motions. The court's sole explanation was that the case had been assigned to a new judge "a few hours ago" and "needs to be resolved expeditiously because it has been pending since September 2020."

AEEC appealed a few days later. It then moved to stay the district-court proceedings pending the outcome of its appeal. In denying that request, the district court explained that, though a bench trial would proceed in February as scheduled, it will wait to make findings of fact and conclusions of law until the appeal is resolved. The district court also made clear that if the appeal succeeds, it will reopen the record to allow AEEC to submit additional evidence.

We denied AEEC's emergency request for a stay, and the district court held a bench trial as planned. Entergy presented five witnesses. The Commission presented none, maintaining that the lawfulness of its denial must be assessed based on the administrative record alone.

## II.

AEEC appeals only the denial of its motion for intervention of right under Rule 24(a)(2). The Commission, as *amicus curiae* in support of AEEC, agrees that the district court's denial was erroneous. Our review is *de novo*, accepting as true all of AEEC's allegations and resolving in its favor all doubts as to whether Rule 24(a)(2) is satisfied. *See Swinton v. SquareTrade, Inc.*, 960 F.3d 1001, 1003-04 (8th Cir. 2020).

A third party is entitled to intervention of right if (1) its motion is timely, (2) it has an interest in the subject matter of the litigation, (3) disposition of the case

_____

[3]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

may impair that interest, and (4) existing parties do not adequately protect that interest. Fed. R. Civ. P. 24(a)(2). AEEC fails to meet the fourth requirement.

Where a proposed intervenor's asserted interest is one that a governmental entity who is a party to the case is charged with protecting, we presume that the government's representation is adequate. *Chiglo v. City of Preston*, 104 F.3d 185, 187-88 (8th Cir. 1997). The would-be intervenor may avoid this presumption by showing that it "stands to gain or lose from the litigation in a way different from the public at large," *id.*, or that its interest is "narrower and more parochial" than the government's, *Mille Lacs Band of Chippewa Indians v. Minnesota*, 989 F.2d 994, 1001 (8th Cir. 1993). But if it cannot do so and the presumption therefore applies, the proposed intervenor can rebut it only with a "strong showing" of inadequacy, such as by demonstrating that the governmental entity "has committed misfeasance or nonfeasance in protecting the public." *North Dakota ex rel. Stenehjem v. United States*, 787 F.3d 918, 922 (8th Cir. 2015).

In determining whether the presumption applies, "it is important to focus on what the case is about." *Id.* at 921. Here, Entergy seeks a declaration that the Commission's denial of its rate-increase request was unlawful and an injunction requiring that the Commission grant the request. The Commission, which is charged with ensuring that all Arkansans have access to affordable electricity, *see* Ark. Code Ann. § 23-2-304(a)(9), wants its denial upheld. AEEC opposes an increase in its members' retail electricity rates, and so it too wishes to defend the Commission's denial. Accordingly, AEEC's interest in this litigation aligns squarely with the interest of Arkansas ratepayers at large. *See Chiglo*, 104 F.3d at 187-88.

AEEC nonetheless contends that the presumption of adequate representation does not apply. It makes two arguments. First, it says that its members' substantial consumption of electricity means that they stand to lose from an Entergy victory in a different way from Arkansas ratepayers at large. Second, it says that the Commission's duty is not to represent the interest of Arkansas ratepayers like

AEEC's members but rather to "balance" this interest with the interest of utilities like Entergy. *See* Ark. Code Ann. § 23-2-304. Neither persuades us.

First, if Entergy wins, the injury that AEEC's members will suffer is the exact type of injury that all Arkansas ratepayers will suffer: higher retail electricity rates. True, AEEC's members may generally run a higher electric bill than the average Arkansas ratepayer. But the costs that they will incur if the Commission's denial is invalidated are not different in kind from what Arkansas ratepayers at large will face. *See Standard Heating & Air Conditioning Co. v. City of Minneapolis*, 137 F.3d 567, 572 (8th Cir. 1998) (affirming a denial of intervention of right where the costs that would-be intervenors stood to incur were the same "type of costs" that the government aimed to reduce by defending its regulation); *cf. Mille Lacs Band*, 989 F.2d at 1000-01 (reversing a denial of intervention of right in a suit to secure tribal hunting rights because the intervenor's interest in the value of the affected property was distinct from the state's asserted interest in protecting wildlife on the property).

Second, any duty of the Commission to balance the public interest with the interest of a utility like Entergy would apply before it rules on a rate-increase request, not after the ruling is challenged in court. Once the Commission denied Entergy's request for higher rates, it was no longer engaged in interest balancing. Its concern became defending its denial against Entergy's suit. And that concern coincides exactly with AEEC's interest in preventing the higher rates that Entergy seeks. We therefore presume that the Commission adequately protects AEEC's interest.

The final question, then, is whether AEEC has rebutted this presumption with a "strong showing" of the Commission's inadequacy. *See Stenehjem*, 787 F.3d at 922. It has not.

According to AEEC, the Commission's failure at trial to counter Entergy's witnesses with witnesses of its own demonstrates that its representation is inadequate. The Commission agrees. It says that its representation was indeed

inadequate and that AEEC's absence at trial resulted in a "slanted" and "one-sided" presentation in favor of Entergy.

It is not the ordinary intervention case where the government asserts that it does not adequately represent the public interest. Even so, we decline to accept the Commission's concession at face value. *See Pub. Serv. Co. of N.H. v. Patch*, 136 F.3d 197, 208 (1st Cir. 1998) ("[N]either the [government's] support of and consent to [intervention], nor [its] insinuations that [it], alone, [is] not up to the task of defending [its action], can strip a federal court of the right and power—indeed, the duty—to make an independent determination as to whether Rule 24(a)(2)'s prerequisites are met.").

In our view, the Commission's trial presentation does not evince the sort of "misfeasance or nonfeasance in protecting the public" necessary to overcome the presumption of adequacy. *See Stenehjem*, 787 F.3d at 922. The Commission has maintained throughout this litigation that the lawfulness of its denial must be evaluated solely on the basis of the evidence presented in the administrative proceeding (in which AEEC participated) and that additional evidence before the district court is therefore unnecessary. Whether that legal position ultimately prevails is not our concern at present. What matters now is whether the Commission's principled decision not to call witnesses at trial amounts to "a clear dereliction of duty." *See id.* And we conclude that it does not. *See Little Rock Sch. Dist. v. N. Little Rock Sch. Dist.*, 378 F.3d 774, 780 (8th Cir. 2004) ("It is not sufficient that the party seeking intervention merely disagrees with the litigation strategy or objectives of the party representing its interests."); *see also Victim Rights Law Center v. Rosenfelt*, 988 F.3d 556, 562 (1st Cir. 2021) (holding that the presumption of adequacy was not rebutted where the putative intervenor's proposed arguments were consistent with the government's defenses and did not require additional evidentiary development). AEEC therefore has not shown that the

Commission inadequately represents its interest in this litigation, as required by Rule 24(a)(2).[4]

## III.

For the foregoing reasons, we affirm the denial of AEEC's motion to intervene.

_____

---

[4]Accordingly, we need not address Entergy's alternative argument that AEEC's motion to intervene was untimely.