# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3284

_____

| | | |
|---|---|---|
| Matthew Curry; Jessie Roos; Amber Harpel; Aaron Fagerness; Grant Buse; | * | |
| | * | |
| | * | |
| Plaintiffs - Appellees, | * | |
| | * | |
| v. | * | |
| | * | |
| Regents of the University of Minnesota; William E. Hogan, II; Patricia B. Spence; Robert S. Bergland; Julie A. Bleyhl; Warren C. Larson; David R. Metzen; H. Bryan Neel, III; Michael O'Keefe; William R. Peterson; Jessica J. Phillips; Thomas R. Reagan; Maureen K. Reed, all in their official capacities as members of the University of Minnesota Board of Regents; | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | Appeal from the United States |
| | * | District Court for the |
| | * | District of Minnesota |
| | * | |
| | * | |
| | * | |
| | * | |
| Defendants, | * | |
| | * | |
| Queer Student Cultural Center; La Raza Student Cultural Center; University Young Women; | * | |
| | * | |
| | * | |
| | * | |
| Movants - Appellants. | * | |

_____

Submitted: November 20, 1998
Filed: February 1, 1999

_____

Before BOWMAN, Chief Judge, LOKEN, Circuit Judge, and HAND,[1] District Judge.
_____

BOWMAN, Chief Judge.

The Queer Student Cultural Center (QSCC), La Raza Student Cultural Center (La Raza), and University Young Women (U-YW) appeal the denial of their motion for intervention of right or permissive intervention. We affirm.

On February 3, 1998, five students filed a complaint against the Regents of the University of Minnesota alleging violations of their constitutional rights to the extent that their Student Services Fees are used to fund campus organizations engaging in ideological or political advocacy with which the plaintiffs disagree. The complaint listed three organizations that the plaintiffs specifically objected to funding through this mandatory fee system: QSCC, La Raza, and U-YW. The defendants filed an answer on April 6, 1998. On April 21, 1998, QSCC, La Raza, and U-YW (the Movants) jointly moved to intervene in the action either of right or permissively under Federal Rule of Civil Procedure 24. The Movants assert that this action directly threatens their "First Amendment rights of free speech and association as well as their related right to undiminished funding." Appellants' Br. at 8.

Only the plaintiffs have opposed the motion to intervene. After a hearing on the intervention motion, the Magistrate Judge[2] to whom the motion had been referred for ruling denied intervention of right concluding that the Movants had not shown they possess a legally protectable interest in the action's subject matter and that, in any

[1]The Honorable William Brevard Hand, United States District Judge for the Southern District of Alabama, sitting by designation.

[2]The Honorable Jonathan Lebedoff, United States Magistrate Judge for the District of Minnesota, sitting to hear this pretrial matter by designation of the District Court pursuant to 28 U.S.C. § 636(b)(1)(A) (1994).

event, they had not shown that the University would not adequately represent their interests. Finding that the Movants had not raised a question of law or fact common both to their interests and to the issues raised by the existing action and that the Movants would interject collateral issues into the litigation, the Magistrate Judge also denied permissive intervention but ruled that the Movants could participate as amici curiae. The District Court[3] affirmed the denial of the Movants' motion for intervention. The Movants appeal.

We review de novo the denial of intervention of right, and we review the denial of permissive intervention for abuse of discretion. See Standard Heating & Air Conditioning Co. v. City of Minneapolis, 137 F.3d 567, 570, 573 (8th Cir. 1998). Although not discussed by the plaintiffs or the District Court, "Article III standing is a prerequisite for intervention in a federal lawsuit." Id. at 570. Constitutional standing requires a showing of: (1) an injury in fact, which is an invasion of a legally protected interest that is concrete, particularized, and either actual or imminent; (2) causation; and (3) redressability. See Mausolf v. Babbitt, 85 F.3d 1295, 1301 (8th Cir. 1996) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 561 (1992)).

The Movants allege injury to their interests in free expression; non-discriminatory, viewpoint-neutral funding; and undiminished funding. See Appellants' Br. at 8, 18 n.4. This action, however, focuses only on the collection of the mandatory fees used to support the activities of campus organizations, not on the distribution of such funds to campus organizations.[4] The Movants' interests in receiving viewpoint-

---

[3]The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota.

[4]The nondiscriminatory distribution by the University of funds available for the support of student organizations as required by Rosenberger v. Rector & Visitors of University of Virginia, 515 U.S. 819 (1995), is not at issue in this action because the University's system for distributing the fees collected has not been challenged by the plaintiffs. Rather, the plaintiffs challenge only the right of the University to compel

-3-

neutral funding from the mandatory fee system and participating in expressive activities are not threatened by the plaintiffs' complaint. If the plaintiffs are successful in their action, the potential harm to the Movants is only the possibility that their funding from the mandatory fee system will be less than it would be otherwise, which might thereby lessen their financial ability to support their expressive activities. But the Movants have no constitutional or legal right to compel unwilling students to provide financial support for their activities, so the potential harm to the Movants is not a legally cognizable injury in fact. Cf. Hurley v. Irish-American Gay, Lesbian & Bisexual Group of Boston, 515 U.S. 557, 566 (1995) (stating that the free speech guarantee guards only against government intrusion and not merely private conduct); Gay & Lesbian Students Ass'n v. Gohn, 850 F.2d 361, 366 (8th Cir. 1988) (stating that student organizations have no right to require a university to provide a funding mechanism for their activities). For these reasons, we find the Movants do not have standing to intervene.

Even if standing were found, the Movants have not shown that intervention is warranted. Upon timely application, a party seeking intervention of right must establish that it: "(1) ha[s] a recognized interest in the subject matter of the litigation that (2) might be impaired by the disposition of the case and that (3) will not be adequately protected by the existing parties." See Standard Heating, 137 F.3d at 571 (quoting Mausolf, 85 F.3d at 1299); Chiglo v. City of Preston, 104 F.3d 185, 187 (8th Cir. 1997).[5] Although the Movants' motion was timely, they have not established that they

_____

them to pay fees for the support of advocacy groups they do not wish to support. Cf. id. at 840 ("[W]e do not have before us the question whether an objecting student has the First Amendment right to demand a pro rata return to the extent the fee is expended for speech to which he or she does not subscribe.").

[5]Under Federal Rule of Civil Procedure 24(a)(2), intervention of right is permitted "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to

possess a recognized interest in this action's subject matter. The Movants merely have asserted an economic interest, maintaining the quantum of their funding, in the outcome of this litigation. The Movants' economic interest in upholding the current fee system simply does not rise to the level of a legally protectable interest necessary for mandatory intervention. See Standard Heating, 137 F.3d at 571 (stating that the would-be intervenors' economic interests in the existing action were too speculative to be deemed "direct, substantial, and legally protectable" interests); Green v. United States, 996 F.2d 973, 976 (9th Cir. 1993) (stating that an economic stake in the outcome of an action is not sufficient to demonstrate a "significantly protectable interest").

The Movants also have not met their "minimal burden" of showing that the University will inadequately represent their interests. Mausolf, 85 F.3d at 1303. The Movants characterize their interest as a concern that they will lose funding, which in turn may lessen their expressive activities, while characterizing the University as merely interested in upholding the current fee system. The Movants potentially may lose funding, however, only if the fee system is not upheld. Thus, although the Movants' motives may be distinguishable from the University's, the Movants' and the University's interests are the same: both want the current fee system upheld.

Our conclusion is further bolstered by the doctrine of parens patriae, which posits that, when a government entity is a party and the case concerns a matter of sovereign interest, the government is presumed adequately to represent the interests of the public. See id.; Chiglo, 104 F.3d at 187. This presumption may be rebutted by a strong showing of inadequate representation, as, for example, by showing that the interest of the would-be intervenor cannot be subsumed within the public interest represented by the government entity. See Mausolf, 85 F.3d at 1303. Although the Movants assert that the University does not share their speech and economic interests,

---

protect that interest, unless the applicant's interest is adequately represented by existing parties."

the University's interest in defending the mandatory student fee system that has been created to support student organizations encompasses the Movants' asserted interests. Therefore, the Movants have not made the strong showing of inadequate representation necessary to rebut the <u>parens patriae</u> presumption.

Permissive intervention similarly would be denied even if the Movants were found to have standing.[6] The Magistrate Judge found that the Movants had not raised a question of law or fact common to the questions presented by the existing action, and that the Movants' presence in the case would interject collateral issues. We do not discern any abuse of discretion in the denial of the motion for permissive intervention.

"While Rule 24 promotes judicial economy by facilitating, where constitutionally permissible, the participation of interested parties in others' lawsuits, the fact remains that a federal case is a limited affair, and not everyone with an opinion is invited to attend." <u>Mausolf</u>, 85 F.3d at 1301. The Movants have failed to establish that they have Article III standing to be parties to this case. Even if standing were found, they have failed to make a case for intervention either as of right or as a matter of discretion. The District Court's order denying the Movants' motion for intervention is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[6]Under Federal Rule of Civil Procedure 24(b)(2), permissive intervention is permitted "when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."