# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 01-3611

_____

State of South Dakota, By and          *
Through its Attorney General,           *
Mark Barnett; City of Oacoma;           *
Lyman County,                           *          Appeal from the United States
                                        *          District Court for the
              Appellees,                *          District of South Dakota.
                                        *
       v.                               *
                                        *
United States Department of             *
Interior; Cora Jones, Regional          *
Director, Great Plains Regional         *
Office, BIA; Cleve Her Many             *
Horses, Superintendent, Lower           *
Brule Agency, BIA; James                *
McDivitt, Deputy Assistant              *
Secretary-Indian Affairs,               *
                                        *
              Appellees.                *
                                        *
--------------------------------------  *
                                        *
Lower Brule Sioux Tribe,                *
                                        *
              Appellant.                *


_____

Submitted: October 7, 2002
Filed: February 3, 2003

_____

Before HANSEN, Chief Judge, HEANEY and MORRIS SHEPPARD ARNOLD, Circuit Judges.

———————————

HANSEN, Circuit Judge.

The State of South Dakota, City of Oacoma, and Lyman County (hereinafter, collectively "South Dakota") brought an action for declaratory and injunctive relief against the United States Department of Interior, the Assistant Secretary for Indian Affairs, the Regional Director, and the Superintendent of the Lower Brule Agency (hereinafter, collectively "United States"). South Dakota sought to prevent the United States from placing approximately 91 acres of land located outside the Lower Brule Reservation into trust on behalf of the Lower Brule Sioux Tribe (hereinafter "Tribe"). Pursuant to Federal Rule of Civil Procedure 24, the Tribe moved to intervene both as a matter of right and for permissive intervention. The United States supported the Tribe's bid for permissive intervention but opposed its motion for intervention as a matter of right. The district court[1] denied the Tribe's motions. The Tribe appeals, and we affirm the judgment of the district court.[2]

We first turn to the question of whether the district court erred in denying the Tribe's motion to intervene as a matter of right. We review this decision de novo,

———————————

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

[2]The denial of a motion to intervene of right is immediately appealable as a final judgment. Corby Recreation, Inc. v. Gen. Elec. Co., 581 F.2d 175, 176 n.1 (8th Cir. 1978). We have pendent appellate jurisdiction to review the order denying permissive intervention. See, e.g., Curry v. Regents of the Univ. of Minn., 167 F.3d 420, 422 (8th Cir. 1999) (reviewing order denying motion for permissive intervention); see also In Re Vitamins Antitrust Class Actions, 215 F.3d 26, 31 (D.C. Cir. 2000) (concluding court had appellate jurisdiction where question of permissive intervention was inextricably intertwined with question of intervention of right).

keeping in mind that Rule 24 should be liberally construed with all doubts resolved in favor of the proposed intervenor. Turn Key Gaming, Inc. v. Oglala Sioux Tribe, 164 F.3d 1080, 1081 (8th Cir. 1999).

Rule 24 provides that:

[u]pon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). In short, the Rule provides that a party seeking mandatory intervention must establish that: (1) it has a recognized interest in the subject matter of the litigation; (2) the interest might be impaired by the disposition of the case; and (3) the interest will not be adequately protected by the existing parties. Chiglo v. City of Preston, 104 F.3d 185, 187 (8th Cir. 1997). A proposed intervenor must satisfy all three conditions to intervene as a matter of right. Id.

The parties agree that the only issue in question is whether the existing parties can adequately protect the interests of the proposed intervenor. Typically, a proposed intervenor would confront only a "minimal burden of showing that its interests are not adequately represented by the parties." Mausolf v. Babbitt, 85 F.3d 1295, 1303 (8th Cir. 1996) (internal quotation omitted). "[T]his court has recognized[, however,] that the applicant for intervention bears a heavier burden on this factor when a party already in the suit has an obligation to represent the interests of the party seeking to intervene." United States v. Union Elec. Co., 64 F.3d 1152, 1168 (8th Cir. 1995). Because the Tribe requested, pursuant to 25 U.S.C. § 465, that the government place certain lands in trust for its benefit, we conclude that this case is an example of such a situation. See Mausolf, 85 F.3d at 1303 (stating that "when one of the parties is an

3

arm or agency of the government, and the case concerns a matter of sovereign interest . . . the government is presumed to represent the interests of all its citizens" (internal quotations omitted)); Hydaburg Co-op Ass'n v. United States, 667 F.2d 64, 68 (Ct. Cl. 1981) (concluding that Act created limited duty to protect certain Indian lands from continued alienation), cert. denied, 459 U.S. 905 (1982). The Tribe can rebut the presumption that the government is adequately representing its interests by showing that its interests actually differ from or conflict with the government's interests. Union Elec., 64 F.3d at 1169 (stating that the applicant can rebut the presumption by showing that its interests are not subsumed within the parties' interests). The district court concluded that the Tribe did not successfully rebut the presumption that the government would protect its interests, and it denied the Tribe's motion to intervene of right on the ground that the Tribe's interest in this litigation was subsumed within the government's obligation to pursue the interests of its citizens. (App. at 4.)

On appeal, the Tribe argues that the United States cannot adequately protect the Tribe's interest in this litigation because the United States has conflicting legal duties. On the one hand, the Tribe argues, the United States has established a fiduciary relationship with the Tribe which requires adherence to a duty of complete and undivided loyalty to the Tribe. On the other hand, the Tribe argues, because the United States is acting as parens patriae, the government must consider the interest of all of its citizens, including the interest of nontribal members, thereby violating its fiduciary duty of undivided loyalty to the Tribe. We need not address the issue of whether the government is acting as parens patriae because even assuming that it were, and that the United States has established a fiduciary relationship with the Tribe, and that the Tribe has correctly stated the scope of the attendant duty, the Tribe has merely identified a potential legal conflict of interest but not an actual or even probable conflict of interest. A merely theoretical risk of conflicting legal duties does not render the government unable to adequately protect the Tribe's interests in this litigation. Cf. Sac and Fox Nation of Mo. v. Norton, 240 F.3d 1250, 1259 (10th Cir.

4

2001) ("'The key is whether the possibility of being subject to multiple obligations is real; an unsubstantiated or speculative risk will not satisfy the Rule 19(a) criteria.'") (quoting 7 Charles Alan Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure § 1604, at 62 (2d ed. 1986)), <u>cert. denied</u>, 122 S. Ct. 807 (2002); <u>Shermoen v. United States</u>, 982 F.2d 1312, 1318 (9th Cir. 1992) (concluding that inquiry under Rule 19 is parallel to inquiry under Rule 24(a)), <u>cert. denied</u>, 509 U.S. 903 (1993). Accordingly, this potential conflict of interest cannot justify intervention.

Aside from the purely conjectural conflicts that potentially might arise from conflicting legal duties, the Tribe has not identified any specific Tribal interest implicated in this litigation that the United States cannot or will not adequately protect. Because we presume that the United States is acting on behalf of the Tribe, it is incumbent upon the Tribe to set forth specific interests that only it can protect by intervening. <u>Union Elec.</u>, 64 F.3d at 1169. The Tribe has failed to specifically identify such an unprotected interest, and the procedural posture of this case suggests that there is none. The Tribe requested that the Government place the 91 acres of land in trust for the Tribe. The government placed the land in trust and has doggedly defended that agency determination against South Dakota's attack through several rounds of litigation, including one bout at the Supreme Court. Accordingly, we conclude that the United States' interests in this litigation subsume the Tribe's interests and that the United States can adequately protect any interest that the Tribe has in this litigation. <u>See</u> <u>Connecticut ex rel. Blumenthal v. Babbitt</u>, 899 F. Supp. 80, 83 (D. Conn. 1995) (concluding that absent evidence of an actual conflict in the record, the Secretary of the Interior could adequately represent the interest of a tribe with respect to certain lands held in trust); <u>see also</u> <u>S.W. Ctr. for Biological Diversity v. Babbitt</u>, 150 F.3d 1152, 1154 (9th Cir. 1998) (concluding, in the Rule 19 context, that the government can adequately protect the interests of the tribe unless there is a specific conflict of interest between the tribe and the government). Therefore, the district court did not err in denying the Tribe's motion for intervention of right.

We next turn to the question of whether the district court improperly denied the Tribe's motion for permissive intervention. Rule 24(b) provides that:

> [u]pon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b). The district court concluded that the Tribe and the United States raised common questions of law, but it denied the Rule 24(b) motion, concluding that the "interests of the proposed intervenors are adequately protected." (App. at 4.) The decision to grant or deny a motion for permissive intervention is wholly discretionary. See Bush v. Viterna, 740 F.2d 350, 359 (5th Cir. 1984) ("Permissive intervention is wholly discretionary with the district court even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied."); 7C Wright, Miller & Kane, Federal Practice and Procedure § 1913, at 376-77 ("If there is no right to intervene under Rule 24(a), it is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention.") (footnote omitted). Accordingly, we grant great deference to the district court's decision to deny a Rule 24(b) motion, reviewing it only for a clear abuse of discretion. Curry, 167 F.3d at 422; Edmondson v. Nebraska, 383 F.2d 123, 127 (8th Cir. 1967).

The principal consideration in ruling on a Rule 24(b) motion is whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights. United States v. Pitney Bowes, Inc., 25 F.3d 66, 73 (2d Cir. 1994); 7C Wright, Miller & Kane, Federal Practice and Procedure § 1913, at 379. In this case, the district court did not determine whether the proposed intervention would cause undue delay or prejudice. Instead, the district court examined whether the United States

6

could adequately protect the Tribe's interests. Although the adequacy of protection is only a minor variable in the Rule 24(b) decision calculus, it is not an illegitimate consideration. See United States Postal Serv. v. Brennan, 579 F.2d 188, 191 (2d Cir. 1978) (noting that adequacy of representation is a relevant factor in permissive intervention analysis); Tachna v. Insuranshares Corp., 25 F. Supp. 541, 542 (D. Mass. 1938) (stating that Rule 24 does not limit the inquiry to only whether intervention will delay or prejudice the adjudication of the parties' rights). Thus, although the Tribe has cited authority that probably would have persuaded us to grant the motion if we were the district court ruling on the motion in the first instance, see Arizona v. California, 460 U.S. 605, 614-15 (1983), we cannot say that the district court clearly abused its discretion in this case by not granting the motion.

Reversal of a decision denying permissive intervention is extremely rare, bordering on nonexistent. See Pitney Bowes, 25 F.3d at 73 (noting that reversal of denial of permissive intervention is so rare that it is unique); Bush, 740 F.2d at 359 (same); see also 7C Wright, Miller & Kane, Federal Practice and Procedure § 1923, at 515-16 (concluding that because the district court is afforded great deference in this context and because of the paucity of cases reversing a denial of permissive intervention, "it would seem sounder to dismiss out of hand appeals from a denial of permissive intervention"). The district court articulated a legitimate reason for denying the Rule 24(b) motion. Thus, the district court's decision to deny the Tribe's motion for permissive intervention is not one of the unique or rare cases where we can conclude that the district court clearly abused its discretion.

Accordingly, for the foregoing reasons, we affirm the judgment of the district court.

A true copy.

Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.