## In re BAYCOL PRODUCTS LITIGATION.

### No. MDL NO. 1431 (MJD/JGL).

United States District Court, D. Minnesota.

April 17, 2003.

Mark Anfinson, Minneapolis, MN, for and on behalf of Intervenor the New York Times Company.

Richard A. Lockridge, Lockridge Grindal Nauen, PLLP, Minneapolis, MN, Charles Zimmerman, Zimmerman Reed, PLLP, Minneapolis, MN, for and on behalf of Plaintiffs.

Peter W. Sipkins, Dorsey & Whitney LLP, Minneapolis, MN, Philip S. Beck, Adam L. Hoeflich, Barlir, Beck, Herman, Palenchar & Scott, Chicago, IL, Susan A. Weber, Sherry A. Knutson, Sidley, Austin, Brown & Wood, Chicago, IL, Gene C. Schaerr, Sidley, Austin, Brown & Wood, Washington, DC, Richard K. Dandrea, Eckert, Seamens, Cherin & Mellott, LLC, Pittsburgh, PA, for and on behalf of Bayer Corporation.

Scott A. Smith, Tracy J. Van Steenburgh, Halleland, Lewis, Nilan, Sipkins & Johnson, P.A., Minneapolis, MN, Fred T. Magaziner, Dechert, Price & Rhoads, Philadelphia, PA, for and on behalf of SmithKline Beecham Corporation d/b/a GlaxoSmithKline.

DAVIS, District Judge.

Before the Court is the motion of The New York Times Company (hereinafter the "Times") to intervene for the limited purpose of seeking modification of the stipulated protective order, PTO No. 24.

*Motion for Intervention*

■ Rule 24(b) of the Federal Rules of Civil Procedure provides:

[u]pon timely application anyone may be permitted to intervene in an action ...(2) when an applicant's claim or defense and the main action have a question of law or fact in common ... In exercising its discretion the court shall 'consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Whether to grant or deny a motion for permissive intervention is wholly discretionary, and is reviewed under an abuse of discretion standard. *South Dakota v. United States Dept. of Interior,* 317 F.3d 783, 787 (8th Cir.2003).

■ Most circuits have held that permissive intervention is the appropriate procedural course for third party challenges to confidentiality orders. *Equal Employment Opportunity Commission v. National Children's Center, Inc.,* 146 F.3d 1042, 1046 (D.C.Cir.1998)(listing cases). Although the Eighth Circuit has not yet issued a decision on this precise issue, the clear majority view allows the use of Rule 24(b) to challenge a confidentiality order.

■ The first requirement for permissive intervention is a timely motion. The parties do not appear to contest the timeliness of the motion. Nonetheless, the Court finds that the motion is timely as this MDL proceeding is ongoing, and trial is set for June 2003.

■ The second requirement for permissive intervention is a question of law or fact in common with the underlying action. With respect to third parties, such as the news media, some courts have held that it is not necessary to require a strong nexus of fact or law when intervention is sought solely to modify a protective order. *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 778 (3rd Cir.1994). "By virtue of the fact that the Newspapers challenge the validity of the Order of Confidentiality entered in the main action, they meet the requirement of Fed. R.Civ.P. 24(b)(2) that their claim must have a 'question of law or fact in common' with the main action." *Id. See also, Jessup v. Luther,* 227 F.3d 993, 998–999 (7th Cir.2000); *New York v. Microsoft Corporation,* 206 F.R.D. 19, 21–22 (D.D.C.2002)(granting news media's motion to intervene solely to challenge confidentiality order, following force of precedent which compels a flexible reading of Rule 24(b) to provide an avenue for third parties to challenge confidentiality order). The Court finds these decisions persuasive.

■ Defendants argue, however, that the Eighth Circuit has specifically declined to adopt this position, citing to the unpublished decision in *Organization for Competitive Markets, Inc. v. Seaboard Farms, Inc.,* 2001 WL 842029 *2 (8th Cir.2001). Unpublished

opinions, however, are not precedent. 8th Cir. R. 28A(i). *See also, In re Leimer,* 724 F.2d 744 (8th Cir.1984)("The decision of a panel not to publish an opinion usually represents the judges' view that the case is without substantial value as a precedent.") Unpublished opinions may be cited, however, "if the opinion has persuasive value on a material issue and no published opinion of this or another court would serve as well." 8th Cir. R. 28A(i). Neither of these prerequisites are met with respect to the *OCM* decision. First, while the panel declined to adopt the position of those "courts [which] have gone so far as to hold that the issue of the scope or need for the confidentiality order itself presents a common question that links the movant's challenge with the main action", it did so without explaining the basis for this decision. *OCM* at \*2 (quoting *Pansy,* 23 F.3d at 777–778). On the other hand, as discussed above, other courts have issued published opinions which include a detailed basis for holding that Rule 24(b)(2) should be interpreted broadly to allow news media an effective mechanism to contest the scope or need for a confidentiality order. *See e.g. Pansy,* 23 F.3d at 778. Second, the issue before the Eighth Circuit in *OCM* was whether the district court abused its discretion in denying the motion for permissive intervention. *OCM* at \*2. The court did not endeavor to announce its standard for limited purpose permissive intervention. For these reasons, the Court finds that *OCM* does not act as a bar to the Times' motion to intervene.

■ The principle consideration for this Court in determining whether permissive intervention should be granted is whether such intervention will unduly delay or prejudice the adjudication of the parties' rights. *South Dakota,* 317 F.3d at 787. Defendants argue that allowing intervention, and modification of PTO No. 24, will unduly prejudice the parties as it would cause them to expend excessive resources conducting a re-review of all documents. Whether a re-review of all documents will take place is not affected by the Times' motion, however. The PSC has brought a similar motion to modify or vacate PTO No. 24 based, in part, upon Defendants' admitted mischaracterization of certain of its documents as confidential. Thus, granting the Times' motion for intervention will not, in and of itself, cause undue delay or prejudice the Defendants.

■ Finally, Defendants argue that the Times motion to intervene must be denied because it lacks standing. In support, Defendants rely on *Planned Parenthood of Mid–Missouri & Eastern Kansas, Inc. v. Ehlmann,* 137 F.3d 573 (8th Cir.1998). *Planned Parenthood,* however, is inapposite because it addressed a motion to intervene as of right. To date, the Eighth Circuit has not yet ruled on whether standing is a prerequisite for permissive intervention. *See, OCM,* at \*2, n. 2. Other courts, however, have created an exception to the standing requirement when third parties seek intervention solely to challenge a confidentiality order. *National Children's Center,* 146 F.3d 1042 (D.C.Cir. 1998). "The rationale for this exception is simple—such intervenors do not ask the district court to exercise jurisdiction over an additional claim on the merits, but rather to exercise a power that it already has, namely the power to modify a previously entered confidentiality order." *Id.* (citation omitted).

*Motion to Modify Protective Order*

The Court has ordered further briefing on the motions to modify the protective order. The Court thus reserves its ruling on this motion until such time as the motion is fully briefed.

IT IS HEREBY ORDERED that the motion of the New York Times Company to intervene pursuant to Fed.R.Civ.P. 24(b)(2) is GRANTED.