**ANIMAL PROTECTION INSTITUTE,**
**Plaintiff,**

v.

**Gene MERRIAM, in his official capacity as Commissioner of the Minnesota Department of Natural Resources, Defendant,**

and

**Minnesota Trappers Association, U.S. Sportsmen's Alliance Foundation, Fur Takers of America, National Trappers Association, Todd Roggenkamp, and Cory Van Driel, Applicant Intervenor/Defendants.**

No. 06–3776 MJDRLE.

United States District Court,
D. Minnesota.

Dec. 22, 2006.

---

**5.** This posture was clarified by the Court during oral argument.

James J. Tutchton, Environmental Law Clinic, Denver, CO, Marc D. Fink, Duluth, MN, for Plaintiff.

David P. Iverson, Nathan J. Hartshorn, Minnesota Attorney General's Office, St. Paul, MN, for Defendant.

Barbara A. Miller, Laurence J. Lasoff, Kelley Drye & Warren LLP, James H. Lister, William P. Horn, Birch, Horton, Bittner & Cherot, Washington, DC, Gary R. Leistico, Rinke Noonan, St. Cloud, MN, for Applicant Intervenor/Defendants.

### ORDER

ERICKSON, Chief United States Magistrate Judge.

#### I. *Introduction*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), upon the Motion of the Applicant Intervenor/Defendants to Intervene. A Hearing on the Motion was conducted on November 30, 2006, at which time, the Plaintiff appeared by James J. Tutchton and Marc D. Fink, Esqs.; the Defendant appeared by Nathan J. Hartshorn, Assistant Attorney General; and the Applicant Intervenor/Defendants Minnesota Trappers Association, U.S. Sportsmen's Alliance Foundation, Fur Takers of America, National Trappers Association, Todd Roggenkamp, and Cory Van Driel ("Trappers Association"), appeared by

James H. Lister and Gary R. Leistico, Esqs. For reasons which follow, we grant the Trappers Association's Motion.

#### II. *Factual and Procedural Background*

This action arises from a Complaint, which was filed on September 20, 2006, by the Animal Protection Institute ("API"), against Gene Merriam ("Merriam"), in his official capacity as the Commissioner of the Minnesota Department of Natural Resources ("DNR"), over the DNR's alleged violation of Section 9 of the Endangered Species Act, Title 16 U.S.C. § 1538 ("ESA"). The Plaintiff alleges that the DNR's authorization of certain trapping, and snaring activities, has caused the illegal taking of federally-protected Canada Lynx, Bald Eagles, and Gray Wolves, and therefore, the Plaintiff seeks declaratory and injunctive relief.

The Defendant consents to the Trappers Association's Motion to Intervene in this action, see, *Docket No. 18,* while the API opposes intervention, see, *Docket No. 35,* although it does not object to the participation of the Trappers Association as Amici Curiae.[1] The Safari Club International, the Safari Club International Foundation, and the Minnesota Outdoor Heritage Alliance ("Safari Club"), have previously been granted Amici Curiae status. See, *Minute Order, Docket No. 30.*

#### III. *Discussion*

██ Under Rule 24(a)(2), Federal Rules of Civil Procedure,[2] a party has the right to intervene in an action upon timely application "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately

---

1. In a closely-related case, which currently pends before the Court—*The Humane Society of the United States, et al. v. Merriam, et al.,* Civ. No. 06-2922 (PJS/RLE)—the parties to that action granted the Trappers Association leave to intervene by the parties, and we issued our Order on that consent. At the Hearing in this matter, the Defendant advised that, if neither action settled, a consolidation of the actions would probably be sought.

2. Rule 24(a)(1), Federal Rules of Civil Procedure, permits intervention of right "when a statute of the United States confers an unconditional right to intervene." The Trappers Association does not reference, nor do they rely upon, any such statute, and we find that basis for an intervention of right to be inapplicable.

represented by existing parties." In practical terms, "a party seeking mandatory intervention must establish that it: (1) ha[s] a recognized interest in the subject matter of the litigation that (2) might be impaired by the disposition of the case and that (3) will not be adequately protected by the existing parties." *Standard Heating and Air Conditioning Co. v. City of Minneapolis,* 137 F.3d 567, 571 (8th Cir.1998)[alteration in original], quoting *Mausolf v. Babbitt,* 85 F.3d 1295, 1299 (8th Cir.1996). Rule 24(a) is construed liberally, with all doubts being resolved in favor of intervention, see, *United States v. Union Electric Co.,* 64 F.3d 1152, 1158 (8th Cir.1995), but a party must still satisfy all three conditions in order to intervene. See, *South Dakota ex rel. Barnett v. United States Department of Interior,* 317 F.3d 783, 785 (8th Cir.2003), citing *Chiglo v. City of Preston,* 104 F.3d 185, 187 (8th Cir.1997).

■■■ Although Rule 24(a) does not address standing, our Court of Appeals has held that a party must have Article III standing in order to intervene as a matter of right. See, *Mausolf v. Babbitt,* supra at 1300; *Eischeid v. Dover Const., Inc.,* 217 F.R.D. 448, 467 (N.D.Iowa, 2003); *Curry v. Regents of the University of Minnesota,* 167 F.3d 420, 422 (8th Cir.1999). The test for standing requires that the litigant have suffered an injury in fact, be able to establish a causal relationship between the contested conduct and the alleged injury, and show that the injury would be redressed by a favorable decision. See, *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *Planned Parenthood Minnesota, North Dakota, South Dakota v. Rounds,* 2006 WL 2092595 at *5 (D.S.D., July 26, 2006); *Friends of the Boundary Waters Wilderness v. Thomas,* 53 F.3d 881, 886 (8th Cir.1995). The law recognizes economic, non-economic, and indirect economic injuries, for standing purposes. See, *Council of Ins. Agents + Brokers v. Viken,* 408 F.Supp.2d 836, 841–42 (D.S.D.2005); *Ben Oehrleins and Sons and Daughter, Inc. v. Hennepin County,* 115 F.3d 1372, 1379 (8th Cir.1997); *Sierra Club v. Morton,* 405 U.S. 727, 735, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972) (discussing requirements for standing when claiming non-economic injury). In its pleadings, the Trappers Association has alleged direct and indirect economic injuries, in the form of decreased income from trapping for its members, and the additional expense of replacing traps and snares that are barred by injunction, as well as non-economic injuries in the form of decreased recreational trapping opportunities. We find these interests, both economic and non-economic, to establish the Trappers Association's standing to seek intervention.

■■■ The Parties do not dispute that the Motion to Intervene was timely, see, *United States v. Union Electric Co.,* supra at 1158–59, but disagree about the Trappers Association's other qualifications to intervene as a matter of right. A proposed intervenor must show that it has a significant protected interest in the subject matter of the litigation, which has been interpreted to be an interest that is "direct, substantial, and legally protectable." *United States v. Union Electric Co.,* supra at 1161 [citations omitted]. The interest test should be construed broadly, so as to include as many parties as practicable and, although the intervenor cannot rely on an interest that is "wholly remote and speculative," the interest may be contingent on the outcome of litigation. See, *Planned Parenthood Minnesota, North Dakota, South Dakota v. Rounds,* supra at *7, citing *United States v. Union Electric Co.,* supra at 1162; see also, *Turn Key Gaming, Inc. v. Oglala Sioux Tribe,* 164 F.3d 1080, 1081 (8th Cir. 1999)("An application for intervention cannot be resolved by reference to the ultimate merits of the claim the intervenor seeks to assert unless the allegations are frivolous on their face."). A party seeking to intervene need not establish that its interests will actually be impaired, but only that its ability to protect its interest will be impaired if it is denied permission to intervene. See, *Jenkins by Jenkins v. State of Missouri,* 78 F.3d 1270, 1275 (8th Cir.1996); *Kansas Public Employees Retirement System v. Reimer & Koger Associates, Inc.,* 60 F.3d 1304, 1307–08 (8th Cir.1995).

■■■ The API contends that the sole issue at stake is the government's compliance with the ESA, and that, therefore, the Trappers

Association, as a private entity, does not have a recognized interest in this litigation. We find that the ESA cases, which have been cited by the API, and in which intervention has been denied, are distinguishable. In *Silver v. Babbitt*, 166 F.R.D. 418, 426 (D.Ariz. 1994), the underlying issue was the failure of a Federal agency to comply with a statutory duty to designate critical habitat, and the Motion of the would-be intervenors, whose land could be affected by the agency's future designation, was found to be premature. Similarly, in *Southwest Center for Biological Diversity v. United States Forest Service*, 82 F.Supp.2d 1070, 1074 (D.Ariz.2000), intervention was found to be inappropriate where the heart of the action was whether the United States Forest Service had complied with its duty in issuing certain grazing permits, and no entity, other than the government, had "a stronger incentive or greater informational ability to challenge th[at] claim." *Id.*

In contrast, Courts in this Circuit have found that a party has satisfied its minimal burden of demonstrating a significant interest, when it has a long-standing stake in the subject of litigation, see, *Mausolf v. Babbitt*, supra at 1302, or when the party can show general recreational or aesthetic interests, *County of St. Louis v. Thomas*, 162 F.R.D. 583, 587 n. 11 (D.Minn.1995); *United States v. Reserve Mining Co.*, 56 F.R.D. 408, 418 (D.Minn.1972). A significant interest can also be shown when the outcome of the case has a potential impact on the intervenor's commercial or financial well-being. See, *County of St. Louis v. Thomas*, supra at 586– 87; *South Dakota v. Ubbelohde*, 330 F.3d 1014, 1025 (8th Cir.2003)(finding downstream parties had substantial interest in outcome of litigation that could result in decreased river water flows); but cf., *Eischeid v. Dover Construction, Inc.*, supra at 468 (proposed intervenor "must show more than a mere economic interest"). Here, success by the API could immediately and significantly impair the established and substantial commercial, financial, and recreational interests, that the members of the Trappers Association hold in trapping and snaring non-protected wildlife in Minnesota, and therefore, the Association has shown a substantial interest in this litigation.

The second element of the Rule 24(a) test is closely related to the first, and requires a determination that the Trappers Association's interest could be impaired by the disposition of this case. The remedy sought by the API includes an injunction compelling the State of Minnesota to prohibit trapping, or to modify trapping regulations, in order to prevent the unintentional "taking" of the protected species in question. If the API prevails, then changes in regulations could substantially impair the ability of the Trappers Association members to trap and snare non-protected game, and resultantly, this element has also been satisfied.

Typically, a party seeking intervention faces only a "minimal burden" of showing the third element for intervention of right— namely, that its interests are not adequately represented by the parties. See, *Mille Lacs Band of Chippewa Indians v. State of Minnesota*, 989 F.2d 994, 999 (8th Cir.1993), citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972), and *Planned Parenthood of Minnesota, Inc. v. Citizens for Community Action*, 558 F.2d 861, 869 (8th Cir.1977). The adequacy of representation is determined by comparing the interests of the proposed intervenor with interests of the current parties to the action, and intervention is appropriate if the interests are disparate, even if they share the same legal goal. See, *Sierra Club v. Robertson*, 960 F.2d 83, 86 (8th Cir.1992), citing *Planned Parenthood of Minnesota, Inc. v. Citizens for Community Action*, supra at 870.

The exception to this minimal burden standard is if the State, or an officer charged by law with representing the interest of the proposed intervenor, is a party in the case, which raises a rebuttable presumption of adequate representation. See, *Mille Lacs Band of Chippewa Indians v. State of Minnesota*, supra at 1000. Our Court of Appeals has addressed this *parens patriae* doctrine, in assessing the final element of the Rule 24(a) test, and has determined that it does not apply in cases in which the government is a party, but a proposed intervenor's concern is not a matter of "sovereign inter-

est," such as when the would-be intervenor's interests are more narrowly defined than are those of the State. See, *Mausolf v. Babbitt,* supra at 1303, citing *Mille Lacs Band of Chippewa Indians v. State of Minnesota,* supra at 1001, and *United States v. Union Electric Co.,* supra at 1170; *Chiglo v. City of Preston,* 104 F.3d 185, 187–88 (8th Cir.1997).

Here, the DNR's interest, in regulating trapping in Minnesota, is considerably broader than the interest of the Trappers Association, who simply seek to participate in currently lawful practices for trapping and snaring non-protected wildlife. The State has no particular interest in preserving the rights of trappers to continue in those practices, or to ensure that the equipment, which is now lawfully employed by the Association's members, will remain available in the future. In addition, as the Trappers Association argued at the Hearing, the Defendant is under no obligation to refrain from agreeing to a settlement, or to the imposition of injunctive relief, that would satisfy the API, but would severely prejudice the interests of the Association's membership. To insure that its interests are represented and protected in this action, we find that the Trappers Association should be allowed to intervene as a matter of right.

We note that we do not agree with API's argument that, if we allow the Trappers Association to intervene, its participation should be limited to the remedial stage. Although limited intervention is one option that a Court can consider when weighing a Rule 24(a) Motion, see, *Thomas v. Bakery, Confectionary and Tobacco Workers Intern. Union, Local No. 433,* 982 F.2d 1215, 1220 (8th Cir.1992); *Little Rock School District v. Pulaski County Special School District No. 1,* 738 F.2d 82, 85 (8th Cir.1984); see also, *United States v. Alisal Water Corp.,* 370 F.3d 915, 921–22 (9th Cir.2004), that is an appropriate solution only when the rights that the proposed intervenors seek to protect are not affected by the litigation portion of the Trial. The substantial interest that the Trappers Association alleges is the ability to continue to trap and snare non-protected species in Minnesota, and one possible outcome of the liability stage of this action could

result in the Defendant agreeing to impose limitations on those activities, or ban them outright. To permit the Trappers Association to participate in this action only at the remedial stage could prejudicially deprive it of an opportunity to address the need for any changes in trapping or snaring.

Moreover, because many members of the Trappers Association engage in trapping and snaring for their livelihood, the Association is in a unique position to contribute factually to this action, which would not be possible if its participation as an intervenor were limited to the remedial stage. The information they propose to offer could well lead to a more informed appraisal of all competing interests.

Lastly, we note that, although we have found the Trappers Association is entitled to intervene as a matter of right, in the alternative, we also conclude that they are entitled to permissive intervention, see, *Rule 24(a)(2), Federal Rules of Civil Procedure,* as there appears to be little prospect that their participation would give rise to undue delay, or would prejudice the adjudication of the parties' rights, see, *In re Baycol Products Litigation,* 214 F.R.D. 542, 543–44 (D.Minn.2003); *South Dakota v. United States Department of Interior,* 317 F.3d 783, 787 (8th Cir.2003)(grant of permissive intervention is discretionary). Furthermore, failing to allow the Trappers Association to intervene, either as of right or permissively, would significantly increase the difficulty the Association would have in seeking an appeal of a decision that might satisfy both of the named Parties, but be detrimental to the Trappers Association's interests. See, *Stringfellow v. Concerned Neighbors in Action,* 480 U.S. 370, 375–76, 107 S.Ct. 1177, 94 L.Ed.2d 389 (1987)("An intervenor, whether by right or permission, normally has the right to appeal an adverse final judgment by a trial court.")[citations omitted]; *Mausolf v. Babbitt,* supra at 1303; *Jenkins by Agyei v. State of Missouri,* 967 F.2d 1245, 1247 (8th Cir.1992)("The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled."), citing *Marino v. Ortiz,* 484 U.S. 301, 304, 108 S.Ct. 586, 98 L.Ed.2d 629

(1988)(per curiam). Accordingly, we grant the Association's Motion to Intervene.

NOW, THEREFORE, It is—

ORDERED:

That the Trappers Association's Motion to Intervene [Docket No. 18] is GRANTED.