# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4439

_____

Katherine Tweedle,                          *
                                            *    Appeal from the United States
                    Appellee,               *    District Court for the
                                            *    Eastern District of Arkansas.
              v.                            *
                                            *         [UNPUBLISHED]
State Farm Fire & Casualty Company,         *
                                            *
                    Appellant.              *

_____

Submitted: September 29, 2006
    Filed: October 18, 2006

_____

Before WOLLMAN, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

State Farm Fire & Casualty Company appeals from the judgment of the District Court,[1] entered upon a jury verdict, awarding damages, interest, attorney fees, and a statutory penalty to Katherine Tweedle. We affirm.

---

[1]The Honorable Rodney S. Webb, United States District Judge for the District of North Dakota.

## I.

During the nighttime hours of June 15–16, 2003, a fire occurred at Katherine Tweedle's home in Benton, Arkansas, followed by a second fire the morning of June 16. The home was insured under a homeowners policy issued by State Farm.

State Farm denied Tweedle's claim for the policy proceeds, contending that Tweedle (or her agent) intentionally set the fires and that Tweedle had misrepresented material facts during the course of State Farm's arson investigation. Tweedle filed this diversity suit to recover the policy proceeds, seeking a declaratory judgment and damages for breach of contract, breach of the implied covenant of good faith and fair dealing, tortious bad faith, slander, extreme and outrageous conduct resulting in emotional distress, and negligence. State Farm alleged arson and misrepresentation in defense. The District Court granted partial summary judgment in favor of State Farm on the bad faith, slander, outrage, and negligence claims. After trial, the jury returned a verdict in Tweedle's favor on the breach of contract claim. State Farm appeals.

## II.

State Farm first challenges the District Court's admission of the testimony of John Youngblood, Tweedle's expert witness. Tweedle originally designated Youngblood as an expert on the insurance industry who would testify about State Farm's alleged bad faith. Over State Farm's objection, however, the District Court permitted Youngblood to opine about Tweedle's breach of contract claim, reasoning, "[Youngblood's testimony] may be of some assistance to the jury[;] . . . [he] is a qualified expert in the insurance industry . . . and if the jury chooses to give [his testimony] any weight[,] they can." Tr. at 376, 380. We review the District Court's admission of expert testimony for abuse of discretion. Wash Solutions, Inc. v. PDQ Mfg., Inc., 395 F.3d 888, 894 (8th Cir. 2005).

Youngblood testified that State Farm's investigation fell below insurance industry standards because State Farm had conducted a "negative investigation," that is, it searched for avenues to avoid paying Tweedle's claim. Tr. at 374. Youngblood based this conclusion on his belief that: (1) State Farm did not sufficiently investigate alternative explanations for the first fire, including asking neighbors whether anyone had entered the house during the nighttime hours of June 15–16; (2) Tweedle did not have the opportunity to set the second fire, based on the fact that when she went back into the house to retrieve her cat she had already called the fire department and it had arrived; (3) Tweedle did not have a financial motive to commit arson, as the cost of repairing the house could have been deducted from proceeds received upon its sale; (4) the second fire could have been a result of leftover sparks from the first fire;[2] and (5) Tweedle's statement to the insurance investigator that her house was previously in "good condition" was not a material misrepresentation. Id. at 379. Youngblood also testified that "material" means "an important factor that could have a bearing on the outcome [of the claim]." Id. at 380.

State Farm argues: (1) Youngblood's testimony was not necessary to the jury's understanding of the evidence or determination of the facts in issue for the breach of contract claim, (2) Youngblood gave an improper legal opinion on the meaning of material misrepresentation, and (3) Youngblood was not qualified as an expert to give an opinion as to the cause of the second fire.

Federal Rule of Evidence 702 provides, "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert . . . may testify thereto in the form of an opinion or otherwise . . . ." Whether testimony is necessary to the jury's understanding of the evidence or determination of the facts in issue has historically

---

[2]State Farm presented two witnesses, a firefighter and a cause-and-origin investigator, who testified that the fires were separate and intentional.

-3-

been described as a "common sense inquiry"—whether laypersons can determine the particular issue involved. Fed. R. Evid. 702 advisory committee's note (citation to quoted source omitted); United States v. French, 12 F.3d 114, 116 (8th Cir. 1993) ("Where the subject matter is within the knowledge or experience of laymen, expert testimony is superfluous." (quoting Bartak v. Bell-Galyardt & Wells, Inc., 629 F.2d 523, 530 (8th Cir. 1980))).

A district court is afforded broad discretion in evidentiary issues, and we cannot say that the District Court abused its discretion in allowing Youngblood's testimony. Youngblood's testimony was offered to show that these collective facts could not have provided State Farm a legitimate basis to deny Tweedle's claim, and therefore, that State Farm's "negative investigation" and denial of the claim amounted to a breach of contract. This deduction was not readily ascertainable by a layperson without the assistance of expert testimony; thus we cannot say Youngblood's testimony was not necessary to determine whether State Farm breached its contract.

Turning to State Farm's next argument, an expert ordinarily may not testify on legal matters; it is the trial court's job to instruct the jury as to the law. Southern Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc., 320 F.3d 838, 841 (8th Cir. 2003). Although Youngblood defined the term "material" to the jury, his definition did not conflict with the District Court's jury instruction. Youngblood defined "material" as "an important factor that could have a bearing on the outcome." Tr. at 380. The District Court correctly instructed the jury, "A fact or circumstance is material if it pertains to the facts that are relevant to the insurer's right to decide upon its obligations and to protect itself against false claims. Misrepresentations that have no relevance to the insurance claim are not material." Id. at 777. Because Youngblood's generic definition did not conflict with the District Court's more precise formulation, there was no prejudicial effect. Reversal is not required where an evidentiary error is harmless; that is, where the error has only a slight influence or no influence at all on the jury verdict. McKnight ex rel. Ludwig v. Johnson Controls,

Inc., 36 F.3d 1396, 1405 (8th Cir. 1994). Even assuming it was error to allow Youngblood to define "material," his definition could not have influenced the jury verdict and reversal is not required.

Similarly, while Youngblood was not qualified as a cause-and-origin investigator and therefore lacked the expertise to opine about how the second fire started, any error in allowing this testimony was harmless. Youngblood's testimony concerning an alternative explanation for the second fire came as mere elaboration on Youngblood's central theme: that State Farm had directed its investigation in such a way as to attempt to avoid liability, resulting in a breach of contract. State Farm presented ample evidence to convince the jury that Tweedle committed arson, but the jury rejected that contention. We will not reverse the jury verdict on account of Youngblood's testimony.

## III.

State Farm's second point on appeal concerns the District Court's comments during Tweedle's testimony. Tweedle testified that after she and a neighbor entered, inspected, and exited her house the morning of June 16, she called the fire department and then her insurance agent. Tweedle testified that she was still on her cell phone with the insurance agent when Bruce Armstrong (the firefighter with whom she had spoken) arrived and that she had not reentered the house since speaking to the fire department. Tweedle's cell phone records indicated that she placed a call to the fire department at 10:37 a.m., which lasted five minutes, and placed a call to the insurance agent at 10:42 a.m., which lasted six minutes. Tweedle testified that after Armstrong arrived, he noticed smoke coming from the house indicating the second fire.

State Farm questioned Tweedle about whether she had *misrepresented* this sequence of events to State Farm in her original statement—specifically as to the short amount of time (six minutes) her testimony suggested Armstrong had traveled from

the fire station to her house—and whether she was on her cell phone with the insurance agent when Armstrong arrived. Tweedle reiterated that she was on her cell phone with the insurance agent when Armstrong arrived. At this point, the District Court stated:

> There is nothing that I have received that State Farm has indicated that they are depending upon [Tweedle's] misstatement or misrepresentation as to whether she was on the phone when Bruce Armstrong drove up as a material misrepresentation vitiating fire insurance. . . . I rule that this is not a material misrepresentation that would vitiate insurance. . . . In my view anybody can be mistaken about that kind of thing.

Tr. at 353–54.

State Farm contends that the District Court erred in its material misrepresentation ruling and in failing to grant a mistrial. State Farm argues that the District Court's statements were erroneous in fact and law and that these statements, coupled with Youngblood's testimony, deprived State Farm of a fair trial.

We first consider whether the District Court properly ruled that Tweedle's statements about the timing of her cell phone conversations and Armstrong's arrival were *immaterial* as a matter of law. We review conclusions of law de novo. Bowman v. White, 444 F.3d 967, 974 (8th Cir. 2006).

Under Arkansas law, a fact or circumstance is material if "it pertains to facts that are relevant to the company's rights to enable the company to decide upon its obligations and to protect itself against false claims." Allstate Ins. Co. v. Voyles, 65 S.W.3d 457, 462 (Ark. Ct. App. 2002) (citing Willis v. State Farm Fire & Cas. Co., 219 F.3d 715, 718 (8th Cir. 2000)). The materiality of a statement is evaluated at the time the statement was made, not with the benefit of hindsight. Willis, 219 F.3d at 718. The materiality of a misrepresentation is a mixed question of law and fact that

under most circumstances should be determined by the trier of fact, but materiality may be decided as a matter of law if reasonable minds could not differ on the question. Wagnon v. State Farm Fire & Cas. Co., 146 F.3d 764, 768 (10th Cir. 1988); see, e.g., Willis, 219 F.3d at 718 (holding that a husband's concealment from the insurance investigator of his suspicion that his wife committed arson was material as a matter of law, where the husband had told a friend that he suspected his wife had started the fire).

Any alleged misstatement by Tweedle as to whether she was on her cell phone when Armstrong arrived was not material. Examining the statement when it was made, such a minor discrepancy in Tweedle's recollection as to how long she was on her phone would not have impacted State Farm's investigation in any way. Such inconsistencies over the precise timing of events are common and understandable—especially considering the natural excitement from the fires. The District Court did not err in ruling that the statement was immaterial as a matter of law.

Nor does the District Court's misstatement concerning State Farm's use of the term "material" during its cross-examination require reversal. The District Court did state, "I wouldn't have made the [ruling] had you not used the word material misrepresentation," even though State Farm had only used the word "misrepresentation," but not "material," during its cross-examination. Tr. at 353–54. While this was factually inaccurate, it in no way prejudiced State Farm. It is clear that State Farm was seeking to prove its material misrepresentation defense with this line of questioning, and the District Court essentially ruled that the questioning was irrelevant; therefore, it is of no consequence whether State Farm used the word "material."

IV.

State Farm next argues that the District Court's alleged partiality toward Tweedle, exhibited by the court's comments during Tweedle's and Youngblood's testimony, warrants a mistrial. A trial judge will not be reversed for excessive intervention unless the judge was actually biased or projected to the jury the appearance of advocacy or partiality. Williams v. Fermenta Animal Health Co., 984 F.2d 261, 263 (8th Cir. 1993). We employ a balancing process to determine whether a district court's comments destroyed the overall fairness of a trial. Harris v. Steelweld Equip. Co., 869 F.2d 396, 403 (8th Cir.), cert. denied, 493 U.S. 817 (1989).

The District Court's comments did not rise anywhere near a level necessary to conclude that the overall fairness of the trial was destroyed. A trial judge is given "considerable" discretion to comment on the evidence at trial. Billingsley v. City of Omaha, 277 F.3d 990, 997 (8th Cir. 2002). The District Court's ruling before the jury regarding material misrepresentation did not project an appearance of advocacy or partiality. Rather, it concluded a line of questioning not relevant to the trial issues. This is the proper role of a trial judge. The District Court's "comments" during Youngblood's testimony were actually rulings made in response to State Farm's objections, and merely reiterated Youngblood's status as an expert. The District Court's decision not to grant a mistrial based on the comments made during Tweedle's and Youngblood's testimony was not an abuse of discretion and therefore a new trial is not warranted. Sanders-El v. Wencewicz, 987 F.2d 483, 484 (8th Cir. 1993) (standard of review).

V.

State Farm finally challenges the District Court's denial of its motion for a new trial, incorporating the aforementioned arguments. For the reasons discussed, we find

no abuse of discretion.  <u>Hite v. Vermeer Mfg. Co.</u>, 446 F.3d 858, 864 (8th. Cir. 2006) (standard of review).

VI.

Had we been the trier of fact in this case, perhaps we would have reached an outcome different from the one reached by the jury.  Nevertheless, we are satisfied that the jury had a full and fair opportunity to weigh the conflicting evidence.  The District Court did not commit any reversible error, and the judgment therefore is affirmed.

_____