# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1616

_____

Katherine Tweedle,

        Appellant,

v.

State Farm Fire & Casualty Company;
John Stansel Harvey,

        Appellees.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Arkansas.
\*
\*
\*
\*
\*

_____

Submitted: March 10, 2008
Filed: June 4, 2008

_____

Before WOLLMAN, BOWMAN, and MELLOY, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Katherine Tweedle appeals from orders of the District Court[1] entered after judgment in her favor on her breach-of-contract claim against State Farm Fire & Casualty Company. This case is before us for the second time. In the first appeal, State Farm challenged a jury verdict in favor of Tweedle on her claim to recover homeowners insurance policy proceeds. Tweedle v. State Farm Fire & Cas. Co., 202 F. App'x 934 (8th Cir. 2006). State Farm had refused to pay, contending that the fire

_____

[1]The Honorable Rodney S. Webb, United States District Judge for the District of North Dakota, sitting by assignment.

that destroyed the insured house was intentionally set and that Tweedle had misrepresented material facts to State Farm's investigators. The case went to trial on Tweedle's claim for breach of contract, and she prevailed. State Farm appealed and we affirmed.

Back in the District Court after our mandate issued, numerous postjudgment motions were filed. Tweedle challenges the court's rulings on four of those motions: (1) the court granted the motion to intervene filed by John Stansel Harvey, who is Tweedle's ex-husband, co-owner of the house that was destroyed, and co-insured on the State Farm homeowners insurance policy; (2) the court granted, in part, State Farm's motion to correct the judgment, amending the judgment to reflect setoffs for a $1000 advance that State Farm paid to Tweedle and Harvey and $45,102.59 that State Farm paid to satisfy the mortgage on the house; (3) the court denied as moot Tweedle's motion to enforce the Third Amended Judgment (which did not reflect the setoffs); and (4) the court denied Tweedle's motion to proceed against the corporate surety.

Before we can consider the merits of Tweedle's issues on appeal, we must address the argument of intervenor-appellee Harvey and appellee State Farm that we have no jurisdiction to hear the appeal. According to Tweedle, our jurisdiction arises under 28 U.S.C. § 1291: "The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ." But the appellees argue that the orders appealed from are interlocutory and not final decisions. They also maintain, in arguments with which we agree and with which Tweedle does not seriously quarrel, that the other possible sources of appellate jurisdiction are not legally sustainable in this case. First, the District Court has not certified that the issues in question involve "a controlling question of law as to which there is substantial ground for difference of opinion" such that an immediate appeal is necessary to "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Likewise, the District Court did not expressly determine that although there remained

unresolved claims for relief, there was "no just reason for delay" of the appeal. Fed. R. Civ. P. 54(b). So if the orders on appeal are not final decisions, as State Farm and Harvey maintain, that leaves only the collateral order doctrine as a basis for our jurisdiction. "To qualify for immediate appeal under the collateral order doctrine, an order must conclusively decide a disputed question that is important and distinct from the case's merits, and the decision must be effectively unreviewable on appeal from a final judgment." Kassuelke v. Alliant Techsystems, Inc., 223 F.3d 929, 931 (8th Cir. 2000). None of the orders on appeal meet all the requirements for immediate appeal under the collateral order doctrine. We can assert jurisdiction over this appeal, then, only under § 1291 and only if the orders appealed from are final, as Tweedle contends.

Appellate jurisdiction under § 1291 in this case is not free from doubt. Our study of the case law on the subject of final decisions for purposes of appellate jurisdiction convinces us that the words of the Supreme Court in 1974 remain true today: "No verbal formula yet devised can explain prior finality decisions with unerring accuracy or provide an utterly reliable guide for the future." Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 170 (1974); see also id. n.9. The appellees maintain that because there are some unresolved motions pending before the District Court, the orders appealed from cannot be final, even though the judgment is. But relying on "practical instead of technical considerations," we are confident that those pending motions do not preclude finality for the orders before us on appeal. Giove v. Stanko, 49 F.3d 1338, 1341 (8th Cir. 1995).

Both appellees point to the District Court's expressed view that this case is not yet final for purposes of appeal. In its Order Staying Case Pending Current Appeal, the District Court said, "This Court is of the firm impression that none of its orders issued since the Eighth Circuit's last appeal are final . . . ." Order of March 27, 2007, at 2. In the past, we have noted that "there must be 'some clear and unequivocal manifestation by the trial court of its belief that the decision made, so far as [the court] is concerned, is the end of the case.'" Goodwin v. United States, 67 F.3d 149, 151 (8th

Cir. 1995) (quoting <u>Fiataruolo v. United States</u>, 8 F.3d 930, 937 (2d Cir. 1993)) (alteration in <u>Goodwin</u>). We think that this language from the Second Circuit says too much in this case, where the decisions appealed from are postjudgment orders and the underlying judgment has been affirmed on appeal. A district court's sense of finality, or lack thereof, does not determine whether we have jurisdiction over an appeal from such orders. As the District Court conceded, "[A]ppellate jurisdiction is primarily an issue for the appellate court." Order of March 27, 2007, at 1 (quoting <u>Missouri ex rel. Nixon v. Coeur D'Alene Tribe</u>, 164 F.3d 1102, 1106 (8th Cir.), <u>cert. denied</u>, 527 U.S. 1039 (1999)). While a district court's impression as to the finality of its own orders might be helpful in some cases where our jurisdiction is challenged, we ultimately must look to the substance of the unresolved issues and determine for ourselves if we have appellate jurisdiction over the orders appealed from. That is, we have jurisdiction to determine our own jurisdiction over this appeal, regardless of the District Court's belief as to finality. <u>See</u> <u>Moussa v. INS</u>, 302 F.3d 823, 825 (8th Cir. 2002). But before we continue our analysis, some procedural background is in order.

Before the District Court held a telephone hearing on Harvey's postjudgment motion to intervene and other matters, State Farm attempted to satisfy the amended judgment by tendering a check for the entire amount of the judgment made payable to Tweedle and Harvey, as co-insureds, and Tweedle's attorney. Tweedle objected to State Farm's inclusion of Harvey as payee. During the telephone hearing, Harvey declined any interest in the portion of the judgment that compensated for loss of personal property and acknowledged that he was not entitled to the attorney fees owed to Tweedle's trial counsel. But Harvey maintained that he had an interest in the money that State Farm was obligated to pay for the loss of the house, the prejudgment and postjudgment interest on that money, and the 12% penalty due under Arkansas law. The District Court ordered State Farm to deposit the disputed amount with the court, pending disposition of Harvey's motion to intervene, and to pay the balance, which included the amount for loss of personal property, attorney fees, and costs, to

Tweedle and her attorney. State Farm complied. Although the District Court granted Harvey's motion to intervene—one of the orders from which Tweedle now appeals—the court has yet to decide if Harvey is entitled to any of the judgment proceeds on deposit with the court and, if so, in what amount.

In its brief, State Farm specifically identifies various motions pending in the District Court that it says "could impact the judgment and order on appeal."[2]  Br. of State Farm at 4; see also id. at 2.  Of those motions, there are two that have, in fact, been decided by the court.  The court denied as moot Tweedle's motions to enforce the judgment and also denied her motion to dismiss or strike the motion to intervene. Order of Feb. 9, 2007, at 9.  Tweedle's motions seeking approval to cash the (second) check she received from State Farm were not decided before she filed her notice of appeal, which necessarily divested the District Court of jurisdiction to decide them after that date.  But the day before she filed her notice of appeal, Tweedle filed a partial satisfaction of judgment averring that the check was deposited in her attorney's trust account.  The two pending motions seeking the District Court's approval to cash a check that has already been deposited have no bearing on the finality of the orders on appeal.  Four of the motions in question are for attorney fees, but these also do not affect the finality of the decisions appealed from.  See Budinich v. Becton Dickinson & Co., 486 U.S. 196, 202 (1988) ("[A]n unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final.").

That leaves the issue of Harvey's right, if any, to the judgment proceeds and the two related motions, Tweedle's motion to refer the proceedings to the divorce court and her motion for a jury trial.  The question for us is whether the unresolved Harvey

---

[2]State Farm asserts, "Currently pending before the district court are twelve motions, the resolution of which could impact the judgment and order on appeal."  Br. of State Farm at 4.  There follow thirteen page citations to State Farm's Appendix, the lowest of which is numbered 446.  But State Farm's Appendix ends at page 361.  We consider only those pending matters that State Farm specifically identifies.

matters thwart the finality of the orders now on appeal or whether instead they raise collateral matters, like postjudgment attorney fees, that do not affect finality for purposes of appellate jurisdiction under § 1291. We conclude, at least in this case, that questions related to a postjudgment intervenor's entitlement to judgment proceeds—when those proceeds have already been deposited with the court—fall squarely into the category of collateral matters that do not affect the finality of unrelated postjudgment orders. We think this is especially appropriate where, as here, the intervention was approved not only after the judgment but also after affirmance on appeal of the judgment against the original defendant. We may indeed docket yet another appeal once the Harvey issues are resolved, but that does not mean that the orders now before us lack finality.

"The final judgment rule is designed to insure that the scarce resources of litigants and the courts are not wasted in interlocutory appeals that impede the flow of litigation, making it difficult and expensive to reach a final resolution of issues." Miller v. Special Weapons, L.L.C., 369 F.3d 1033, 1034 (8th Cir. 2004). Our disposition of the orders on appeal will actually advance resolution of the litigation, at least as to the disputes between the original parties, Tweedle and State Farm. If we determine that Harvey was not properly permitted to intervene, the case is essentially over as to all parties. That is, there will be no question of apportionment of the funds deposited with the court if Tweedle is successful. And if Harvey prevails on appeal on the merits of his motion to intervene, then at least State Farm can be more or less done with the litigation, having already satisfied the judgment of the District Court. Likewise, our disposition of the other issues on appeal will facilitate final resolution. The remaining orders on appeal concern the setoffs, interest on the setoffs, and Tweedle's desire to proceed against the surety. If the District Court got it right, and we affirm, State Farm is out of the litigation except for the lingering attorney fees motions. If not, the court can correct its judgment, and State Farm can satisfy that judgment and be done with the case. If we decide the merits of the issues now on appeal, and the District Court decides the pending motions for attorney fees, State

Farm will remain a party with an interest in the litigation in name only and can avoid further expense and delayed resolution.

State Farm has a jury verdict against it on the merits, and we have affirmed that verdict. State Farm paid, either to Tweedle and her attorney or into the court, the entire amount of the judgment owed according to the orders of the District Court, including interest, attorney fees, and costs. All that remains for the District Court is the "ministerial task" of determining how much of the judgment, if any, is owed to late-arriving defendant Harvey. Goodwin, 67 F.3d at 151. That is between Tweedle and Harvey and does not involve State Farm's interests. And any subsequent appeal from the District Court's decision on the matter likewise will not concern State Farm. As the District Court noted, "State Farm has complied with every decision of this Court and the Eighth Circuit; the judicial system should not demand more." Order of March 27, 2007, at 2–3.

"[T]he underlying dispute has already been settled, and there is little danger that prompt appeal of post-judgment matters will cause confusion, duplicative effort, or otherwise interfere with the trial court's disposition of the underlying merits." Miller v. Alamo, 975 F.2d 547, 550 (8th Cir. 1992). The appellees have not substantiated their claim to the contrary by explaining exactly how our consideration of the postjudgment orders at issue will confound the workings of the District Court on the matters still before it. Like a postjudgment motion for attorney fees, the resolution of the remaining issues surrounding the portion of the judgment that State Farm has deposited with the court "will not alter" the orders Tweedle appeals from or "moot or revise decisions embodied in the order[s]." Budinich, 486 U.S. at 199. We hold that we have jurisdiction to consider Tweedle's appeal.

For her first issue, Tweedle argues that the District Court erred in allowing Tweedle's ex-husband and co-insured to intervene in the action after the judgment was affirmed on appeal. Before trial on Tweedle's breach-of-contract claim, but more than

a year after she filed suit, Tweedle moved the court under Rule 19 of the Federal Rules of Civil Procedure (required joinder of parties) to join Harvey as a necessary party. State Farm opposed the motion, but Harvey did not. The District Court denied the motion, noting that it was untimely and that Tweedle's breach-of-contract claim could be adjudicated without Harvey. Soon after we decided the first appeal and affirmed the jury verdict in Tweedle's favor, Harvey moved the District Court to intervene. The court granted Harvey's motion under Rule 24(a) of the Federal Rules of Civil Procedure (intervention of right).

Tweedle argues that Harvey's motion was untimely because it was filed not only postjudgment but also after adjudication of the appeal on the merits. We will not upset the District Court's conclusion that Harvey's motion was timely unless that court abused its discretion. See Jenkins v. Missouri, 78 F.3d 1270, 1274 (8th Cir. 1996). In exercising that discretion, the court is to consider all surrounding circumstances, but especially the stage of the litigation, the reason for the delay in seeking intervention, and any possible prejudice to the parties already in the litigation. Id. at 1273–74. As the District Court noted, this litigation is nearly wrapped up, but nothing in Rule 24(a) precludes postjudgment or even post-appeal intervention. As to the reason for Harvey's delay in seeking intervention, the court noted that State Farm's defense to the breach-of-contract claim was that Tweedle committed arson and lied to investigators, and "Harvey could not be expected to expend his resources when State Farm suspected Tweedle, not him, of wrongdoing." Order of Feb. 9, 2007, at 4. The court also determined that the likelihood of prejudice to Harvey—he "could permanently lose the opportunity to collect any proceeds"—outweighed any prejudice to Tweedle, who would only be delayed in collecting the judgment. Id. We conclude that the District Court did not abuse its discretion in deciding that Harvey's motion to intervene was timely.

Apart from the question of timeliness, Tweedle asserts that the court erred as a matter of law in granting Harvey's motion. We review de novo a court's decision on

the merits of a Rule 24 motion to intervene, "keeping in mind that Rule 24 should be liberally construed with all doubts resolved in favor of the proposed intervenor." South Dakota ex rel. Barnett v. U.S. Dep't of Interior, 317 F.3d 783, 785 (8th Cir. 2003). Harvey must satisfy three conditions to prevail: He must have "a recognized interest in the subject matter of the litigation" that "might be impaired by the disposition of the case . . . and will not be adequately protected by" Tweedle and State Farm. Id. It is Tweedle's position that Harvey does not have the requisite recognized interest in the disputed property. We disagree.

It is undisputed that the warranty deed conveyed the insured house to Tweedle and Harvey together as grantees. The two divided the proceeds of the salvaged property when it was sold after the fire. Each signed a promissory note for the mortgage on the house, and they were co-insureds on the homeowners insurance policy. Their divorce decree gave Tweedle possession of the house as child support, but each party was to continue to pay half of the mortgage payment. Nothing in the decree purported to change the joint ownership of the house. These facts make it clear that Harvey has a recognized interest in the property at issue in this litigation.

Tweedle's argument on this point focuses not on the facts but on her assertion that the division of the insurance proceeds, dependent as it is, at least in part, on the ownership of the house that was destroyed, should be decided by the court that granted the divorce. The District Court has not decided Tweedle's motion to refer the issue regarding ownership of the house to the divorce court, so we will not consider the question on appeal. We will say, however, that Tweedle does not make any compelling arguments to this Court as to why the District Court could not apply the

law—whatever its source—to the facts of the case and resolve the dispute.[3]  We hold that the District Court did not err in granting Harvey's motion to intervene.

Tweedle next contends that the District Court erred in entertaining State Farm's motion to amend the Third Amended Judgment to reflect setoffs for amounts already paid by State Farm.  As mentioned above, State Farm advanced $1000 of the insurance proceeds to Tweedle and Harvey and paid $45,102.59 to the holder of the mortgage on the destroyed house.  Tweedle does not suggest that she did not receive the $1000 or the benefit of the mortgage payoff, and the District Court's factual findings in that regard are not in any way erroneous.  Tweedle argues instead that State Farm's motion to amend came too late, that it is barred by res judicata.

Within ten days of the jury verdict in favor of Tweedle, State Farm filed a timely motion under Rule 59(e) of the Federal Rules of Civil Procedure to alter the judgment to reflect setoffs for amounts previously paid, noting that it had first sought setoffs in its answer to Tweedle's complaint.  State Farm paid the $1000 on June 25, 2003, ten days after the fire, and the $45,102.59 to the mortgage lien holder on January 30, 2004.[4]  In its motion, State Farm noted its right to the setoffs but then asked for an amended judgment in a specific amount: $93,836.29.  The court denied the motion because the specific amount of the judgment that State Farm requested did not include the state statutory penalty (12%) on the total amount of the judgment

---

[3]It may actually be to Tweedle's benefit to have the District Court decide the issue, considering that court's intimate familiarity with the course of this litigation. See Order of Feb. 9, 2007, at 5–6 ("Tweedle has expended a great deal of time, resources, and attorney expenses to secure a judgment, which is not lost on the Court. The Court will consider that when it decides who is entitled to what amount of the insurance proceeds.").

[4]Although not mentioned in the Rule 59(e) motion, State Farm at various times also sought a setoff for $1679.50 it paid to Steamatic for cleaning expenses on August 22, 2003.  State Farm later withdrew its request for a setoff of this amount.

-10-

before the setoffs, as state law required. Opinion and Order of Dec. 9, 2005, at 7, 8. Thus, Tweedle is mistaken when she says, "Although State Farm filed its first Motion to Amend Judgment after the jury verdict and before the appeal, it did not obtain a ruling from the District Court on its motion." Br. of Tweedle at 26. The court explicitly denied the motion. Had it not done so, this Court would not have had jurisdiction to hear the first appeal since "[a] case in which a timely Rule 59(e) motion has been filed lacks finality because the motion tolls the time limitation for appeal in order to provide the trial court with jurisdiction to resolve the motion." Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998). Indeed, Tweedle did not challenge this Court's jurisdiction in the first appeal based on any unresolved Rule 59(e) motions.

In that December 9, 2005, order, the District Court, while denying State Farm's Rule 59(e) motion to amend, nevertheless ruled in State Farm's favor on the merits of the claim for the setoffs, if not the amount of the requested judgment: "State Farm is entitled to a credit on the Judgment of any amount it has already paid to the insured or the insured's mortgagee and any interest the Court ordered calculated on that amount." Opinion and Order of Dec. 9, 2005, at 7. The court noted that if the parties were unable to agree on the amount to be credited, "State Farm should submit to the Court proof of the amount and date of any payments made to or on behalf of the insured." Id. at 7–8. But the amended judgment entered pursuant to the Opinion and Order did not mention any setoffs. A few days later, the court amended the judgment again only to add costs, and a few days after that, State Farm filed its notice of appeal. Tweedle makes much of the fact that State Farm did not appeal the failure of the court to amend the judgment to show the setoffs, but it was not necessary for State Farm to do so. There was nothing to appeal. The court had ruled that State Farm was entitled to the setoffs—why would State Farm appeal that?—and clearly retained jurisdiction to amend the judgment at a later date to reflect the amount of the setoffs. See Giove v. Stanko, 977 F.2d 413, 415 (8th Cir. 1992). The court simply reserved its ruling

until the parties could agree on the amount of the setoffs or, failing that, until State Farm submitted proof of the amounts previously paid.

State Farm did submit the necessary proof to the District Court on January 4, 2006. The Notice of Appeal having already been filed (for the first appeal), the District Court had no jurisdiction to make the necessary calculations. After our mandate issued, and the case returned to the District Court, that court entered a Third Amended Judgment on December 5, 2006, to add more costs, but did not follow up on the question of the setoffs. On December 18, 2006, State Farm filed its second motion to amend the judgment to reflect the setoffs, a reminder of sorts.[5] At the telephone hearing the next day, the court indicated its intention to allow the setoffs of $1000 and $45,102.59, and judgment was entered to that effect on February 16, 2007.

We reject Tweedle's argument that the judgment was entered in error because State Farm's motion to amend was untimely. At no time did State Farm sit on its rights with regard to the setoffs but instead pursued those rights at every opportunity. We see no legal or procedural error and no clear abuse of the District Court's broad discretion in granting State Farm's post-appeal motion to amend the judgment to reflect the setoffs. Christensen v. Qwest Pension Plan, 462 F.3d 913, 920 (8th Cir. 2006) (standard of review). We affirm the order allowing the setoffs.

For her third issue on appeal, Tweedle maintains that it was error for the District Court to deny as moot her motion to enforce the Third Amended Judgment. That is, she wants the court to enforce its judgment as entered before allowing for the setoffs—essentially a reconfiguration of her argument regarding the setoffs. The substance of the argument is that the court erred when it failed to award prejudgment

---

[5]Tweedle argues that this is not a timely Rule 59(e) motion, and she would be correct except that State Farm did not invoke Rule 59(e) in its motion. This post-appeal motion to amend was authorized under Rule 60(b) of the Federal Rules of Civil Procedure.

-12-

and postjudgment interest on the full amount of the judgment before the setoffs. The amounts to be setoff were paid to Tweedle or on her behalf before she even filed this action, so she is not entitled to interest on those amounts. But she again makes a procedural argument, noting that State Farm did not specifically challenge the District Court's original calculation of interest on the entire amount of the verdict in the first appeal. In its December 9, 2005, order, before State Farm filed its notice of appeal, the District Court explained that State Farm had a right to be credited for the amounts paid **and** the interest thereon: "State Farm is entitled to a credit on the Judgment of any amount it has already paid to the insured or the insured's mortgagee *and any interest the Court ordered calculated on that amount*." Opinion and Order of Dec. 9, 2005, at 7 (emphasis added). As with the question of the setoffs, the court reserved ruling only on the specific amount of interest, and there was nothing for State Farm to appeal. The court did not err in denying as moot Tweedle's motion to enforce the judgment.

Finally, Tweedle contends that the District Court erred in denying her motions to proceed against the corporate surety. After the jury verdict, the District Court allowed State Farm to acquire a supersedeas bond and stayed the judgment pending appeal. After we affirmed in the first appeal, Tweedle sought, in two separate motions, to proceed against the surety to collect her judgment because she objected to the form and amount of the payment tendered by State Farm in satisfaction of the judgment. The District Court denied the motions, noting in its February 9, 2007, order that State Farm had complied with the orders of the court to satisfy the judgment, paying the undisputed amount to Tweedle and her attorney and depositing the disputed amount with the court. Tweedle suggests that she should be able to proceed against the surety because "she objects to Mr. Harvey's intervention in this matter and any effort by State Farm to allocate some of the proceeds to him" and because "the amount of the disputed proceeds deposited by State Farm does not reflect the Court's previous orders." Br. of Tweedle at 32. We have now rejected Tweedle's challenges

to the District Court's rulings on both of these matters.  The District Court did not err in denying Tweedle's motions to proceed against the corporate surety.

The orders appealed from are affirmed.

_____